The prosecutor handed the prisoner, who was a bar-tender in a saloon, a fifty dollar bill (greenback) to take ten cents out of it in payment for a glass of soda. The prisoner put down a few coppers upon the counter, and when asked for the change, he took the prosecutor by the neck and shoved him out doors, and kept the money.
The question is presented on behalf of the prisoner whether larceny can be predicated upon these facts. There was no trick, device or fraud in inducing the prosecutor to deliver the bill; but we must assume that the jury found, *Page 396 
and the evidence was sufficient to justify it, that the prisoner intended, at the time he took the bill, feloniously to convert it to his own use.
It is urged that this is not sufficient to convict, because the prosecutor voluntarily parted with the possession not only, but with the property, and did not expect a return of the same property. This presents the point of the case. When the possession and property are delivered voluntarily, without fraud or artifice to induce it, the animus furandi will not make it larceny, because in such a case there can be no trespass, and there can be no larceny without trespass. (43 N.Y., 61.) But in this case I do not think the prosecutor should be deemed to have parted either with the possession of, or property in, the bill. It was an incomplete transaction, to be consummated in the presence and under the personal control of the prosecutor. There was no trust or confidence reposed in the prisoner, and none intended to be. The delivery of the bill and the giving change were to be simultaneous acts, and until the latter was paid, the delivery was not complete. The prosecutor laid his bill upon the counter, and impliedly told the prisoner that he could have it upon delivering to him $49.90. Until this was done neither possession nor property passed; and in the mean time the bill remained in legal contemplation under the control and in the possession of the prosecutor. This view is not without authority. The case of Reg. v. McKale (11 Cox C.C., 32) is instructive. The prosecutrix put down two shillings upon the counter, expecting to receive small change for it from the prisoner. There being several pieces on the counter, the prosecutrix took up a shilling of the prisoner's money, and a shilling of her own, which she did not discover until she was putting them in the drawer. A confederate just then attracted her attention, and the prisoner passed out with the two shillings. It was held upon full consideration, that the conviction for stealing the two shillings was right. KELLY, C.B., said: "The question is, did she part with the money she placed on the counter? I say, certainly not, for she expected to receive two shillings *Page 397 
of the prisoner's money in lieu of it. * * * Placing the money on the counter was only one step in the transaction. The act of the prisoner in taking up the money does not affect the question whether the prosecutrix parted with the property in it. The property is not parted with until the whole transaction is complete, and the conditions have been fulfilled on which the property is to be parted with. * * * I am of the opinion that the property in the two shilling piece was not out of the prosecutrix for a moment."
In Reg. v. Slowles (12 Cox C.C., 269) the prosecutor sold onions to the prisoners who agreed to pay ready money for them. The onions were unloaded at a place indicated by the prisoners, and the prosecutor signed a receipt at the request of the prisoners, when they refused to restore the onions or pay the price. A conviction for larceny was held right; the jury having found the original intention felonious. This was upon the ground that the delivery and payment were to be simultaneous acts, that the property did not pass until payment, and that no credit or trust was intended. (See also id., 257, 248; 2 Russ. on Cr., 22.)
The counsel for the prisoner relies upon the case of Reg. v.Thomas (9 C. P., 741). There the prosecutor permitted the prisoner to take a sovereign to go out to get it changed. The court held that the prisoner could not be convicted of larceny, because he had divested himself of the entire possession of the sovereign and never expected to have it back. This was a nisiprius decision, and is not as authoritative for that reason, but the distinction between that case and this, is the one first suggested. There all control, power and possession was parted with, and the prisoner was intrusted with the money, and was not expected to return it. Here, as we have seen, the prosecutor retained the control and legally the possession and property. The line of distinction is a narrow one, but it is substantial and sufficiently well defined.
The judgment must be affirmed.
All concur. Judgment affirmed. *Page 398