William H. Shipply, Plaintiff in Error, *v.* The People of the State of New York, Defendant in Error.

Upon the trial of an indictment for larceny it appeared that the prisoner negotiated with H., a merchant, for the purchase of the goods in question, which he concluded to take ; the terms were cash. Upon being asked if he would wait and have a bill made out and pay for them, he replied that he would send an expressman for the goods, that they could be sent C. O. D. and he would pay the expressman. Soon after S., a man in the employ of the prisoner, called at the store of H., stating he was an expressman and had come for the goods ; they were given to him with a bill and with instructions to collect on delivery. The prisoner received the goods from S., and sent him with a check to the store of H., which was left in the absence of H. ; the check was worthless. H. demanded of the prisoner the goods or the money; he refused to deliver either. *Held*, that the evidence authorized a conviction.

The prosecution was permitted to prove, under objection and exception, a similar transaction on the part of the prisoner about the same time. *Held*, no error.

(Argued· June 23, 1881 ; decided October 11, 1881.)

Error to the General Term of the Supreme Court, in the first judicial department, to review a judgment entered upon an order made May 20, 1881, which affirmed a judgment of the Court of General Sessions in and for the city and county of New York, entered upon a verdict convicting the plaintiff in error of the crime of grand larceny.

The plaintiff in error was indicted for the larceny of certain goods, the property of one Howard. Upon the trial it appeared that on the 21st day of October, 1880, Howard was a dealer in country produce, having a store in the city of New York. On that day Shipply negotiated with him for the goods in question and concluded to buy. The terms were cash. He was asked, " would he wait and have a bill made out and pay for them," he replied that he " would send an expressman for the goods, that they could be sent ' C. O. D.,' and he would pay the expressman." Soon after one Roger Story came with horse and wagon, stated he was an expressman and called for the goods. They were given to him with a bill and instructions to collect the money

on delivery. Shipply took from Story the goods and sent him with a check to Howard's store, which was left there in the absence of the latter. The check was worthless. Howard sought out Shipply and demanded of him the goods or money; the demand was refused. Story was in fact in the employ of Shipply and the horse and wagon were his. Evidence against the objection of the prisoner was given of a similar transaction by him with one Brady, at about the same time. At the close of the testimony in behalf of the people, the prisoner's counsel asked the court to direct a verdict of acquittal " upon the ground that a complete sale and delivery of the goods had taken place, and that there could be no conviction of larceny." The request was denied. The exceptions to this ruling and upon the objection to evidence above referred to present the only questions upon this appeal.

*William F. Kintzing* for plaintiff in error. It is not larceny if the owner of personal property intends to part with the property and delivers possession absolutely, although he has been induced to part with it by fraudulent means. (*Hildebrand* v. *People*, 56 N. Y. 398; *Smith* v. *People*, 53 id. 111; *McDonald* v. *People*, 43 id. 61; *Kelly* v. *People*, 13 N. Y. Sup. Ct. 509; *Wolfstein* v. *People*, 1 id. 121; *Weyman* v. *People*, 11 id. 511; *Rex* v. *Hunt*, 8 Cox's Cr. Cas. 405; *Lewer* v. *Comm.*, 15 S. & R. 93; Roscoe's Crim. Ev. [7th ed.] 626–636; Wharton's Am. Cr. Law [5th rev. ed.], 1780; *Comm.* v. *James*, 2 Bennett & H. Lead. Cr. Cas. 204; 2 East's Pl. Cr. 668; *Blunt* v. *Comm.*, 4 Leigh, 689; *Reg.* v. *Thomas*, 9 Carr. & Payne, 741; *Reg.* v. *Jackson*, 1 Moody's C. C. 119; *Mowery* v. *Walsh*, 8 Cow. 228; *Reg.* v. *Barnes*, 2 Den. C. C. 59; *Reg.* v. *Adams*, Russell & Ry. C. C. 225; *Reg.* v. *Nicholson*, 2 East's Pl. Cr. 669; 2 Russell on Crimes, 35 [6th ed.]; Archibald's Crim. Pl. 895.) The intent to steal the goods and chattels must exist when it cometh to the hands or possession. (*People* v. *Wilson*, 39 N. Y. 460; *People* v. *Anderson*, 14 Johns. 294; *People* v. *Abrams*, 13 N. Y. 491; *People* v. *Call*, 1 Denio, 120; 3 Coke's Inst. 107; 1 Leach,

411; *Rex* v. *Leigh*, 2 East's Pl. Cr. 553; Rankin's Cas. [Russ. & Ry.] 44; 1 Hale's P. C. 504; 1 Hawkins' P. C., chap. 33, § 2; 4 Black. Com. 232; Roscoe's Crim. Ev. 553–541; Barbour Crim. Law, 153; Wharton's Am. Crim. Law [5th ed.], 1752; Archibald's Crim. Plead. 186–188; 2 Starkie's Ev. 606.) It is the mind that makes the taking of another's goods to be a felony, or a bare trespass only. (1 Hale's P. C. 509; *Smith* v. *People*, 53 N. Y. 111.) There was no "trespass" in taking the property, and without which there can be no larceny. (*McDonald* v. *The People*, 43 N. Y. 561; *Hildebrand* v. *The People*, 56 id. 396; 1 Hawk. P. C., § 1, 208; 2 Russ. on Crimes, 35 [6th ed.]; *Reg.* v. *Middleton*, 12 Cox's Cr. Cas. 269; 2 East's Pl. Cr., § 116, chap. 16; *Mowery* v. *Walsh*, 8 Cow. 238, 242; *Saltus* v. *Everett*, 20 Wend. 267–279; *Ash* v. *Putnam*, 1 Hill, 302; *Ross* v. *People*, 5 id. 294; *Lewis* v. *Palmer*, Hill & D. Supp. 68; *Peabody* v. *Fenton*, 3 Barb. 171–178; *Felter* v. *The State*, 9 Yerg. 397; *Regina* v. *Barnes*, 1 Eng. L. & Eq. 679; *Comm.* v. *Lewer*, 15 S. & R. 93, 94; Roscoe's Cr. Ev. [5th ed.] 615; *Reg.* v. *Thomas*, 9 Carr. & Payne, 741; English Am. Cr. Law Rep. 314; *Rex* v. *Olliver*, 2 Leach, 1072; *Tooke* v. *Hollingsworth*, 5 T. R. 231; *Reg.* v. *Small*, 8 Carr. & Payne, 46; *Reg.* v. *Stewart*, 1 Cox's Cr. C. 174; *Reg.* v. *McKale*, 11 id. 32.) Where goods have been obtained under a purchase, though by fraud and false pretenses, the party obtaining them cannot be convicted of larceny. (*Ross* v. *People*, 5 Hill, 294; *Carey* v. *Hotailing*, 1 id. 311–315; 2 East's P. C. 669; *Mowry* v. *Walsh*, 8 Cow. 238.) The court erred in admitting in evidence proof of a similar act committed by the accused about the time of the one charged in the indictment. (Roscoe's Cr. Ev. [7th ed.] 92; *Comm.* v. *Call*, 21 Pick. 215; *Dunn* v. *State*, 2 Ark. 229; *Bottomley* v. *U. S.*, 1 Story, 135; 1 Roscoe's Cr. Ev. 57; 1 Leigh, 574; Barbour's Cr. Law [2d ed.], 395; 2 Russell on Crimes [6th ed.], 776; *People* v. *Bodine*, 1 Denio, 291; *People* v. *White*, 24 Wend. 520; *People* v. *White*, 14 id. 167; *People* v. *Lamb*, 2 Keyes, 378; *State* v. *O'Neill*, 7 Iredell, 251; *Ackly* v. *People*, 9

Barb. 69; *Comm.* v. *Hardy*, 2 Mass. 317; 1 Greenleaf on Ev. 145–177; 2 Wharton's Am. Cr. Law [5th ed.], 824; 3 Greenleaf on Ev. 13; *Rex* v. *Farrington*, Russ. & Ry. 207; *Reg.* v. *Phelps*, 1 Moody, 263; Roscoe's Cr. Ev. 20–21; 1 Wharton's Am. Cr. Law [6th ed.], § 649; Stevens' Dig. of Evidence, art. 11 [May's ed.], 56; Id., art. 12, p. 61; 1 Greenleaf on Ev., § 53; *Copperman* v. *People*, 56 N. Y. 591; *Comm.* v. *Tuckerman*, 10 Gray, 179; *Comm.* v. *Price*, id. 472; *Reg.* v. *Richardson*, 8 Cox's Cr. Cas. 480; *Rex* v. *Davis*, 6 Carr. & Payne, 177; *Rex* v. *Balls*, 1 Moody's Cr. Cas. 470; *Dunn's Case*, id. 146; 56 N. Y. 591; *Meyer* v. *People*, 80 N. Y. 372; *Wood* v. *U. S.*, 26 Peter's S. C. 360; *Bottomly* v. *U. S.*, 1 Story, 135; *Rex* v. *Forster*, Dears. 456.)

*Daniel G. Rollins*, district attorney, for defendant in error. Consent to the taking must, to avail an accused person, be as broad as the act it would protect, if by its terms it is on a condition precedent; that is, if something is to be done before the property passes, the taking with felonious intent will be larceny. (2 Bishop's Cr. Law [6th ed.], §§ 815, 816 ; *Ross* v. *People*, 5 Hill, 294; *Mowery* v. *Walsh*, 8 Cow. 243 ; *Regina* v. *Cohen*, 2 Den. C. C. 249; *Rex* v. *Campbell*, 1 Moody's C. C. 179 ; *Reg.* v. *Webb*, 5 Cox, 154; *Rex* v. *Pratt*, 1 Moody's C. C. 250 ; *Hildebrand* v. *People*, 56 N. Y. 394; *Rex* v. *Gilbert*, 1 Moody's C. C. 185 ; *Solomon Valentine's Cases*, 4 City H. Rec. 331 ; *Valerie* v. *People*, 64 Barb. 430 ; *Regina* v. *Slowly*, 12 Cox's C. C. 269.) Proof of the trick perpetrated by the defendant on the day previous and similar in all its details was competent to show with what purpose and design the prisoner did the acts complained of in the indictment. (*Weyman* v. *People*, 4 Hun, 511; *Coppermann* v. *People*, 56 N. Y. 501; *Bielschafsky* v. *People*, 60 id. 616; *Reg.* v. *Richardson*, 2 F. & F. 343; *Comm.* v. *Tuckerman*, 10 Gray, 173; *Reg.* v. *Roberts*, 3 Camp. 199; *Reg.* v. *Francis*, 12 Cox's C. C. 612; *Reg.* v. *Geering*, 18 L. J. M. C. 215; *Comm.* v. *Eastman*, 1 Cush. [Mass.] 189.)

DANFORTH, J. We think neither of the exceptions are well taken. The evidence of facts assumed by the prisoner's counsel in his request for an acquittal was far from conclusive. A sale has been defined to be a transfer of the absolute property in a thing for a price in money (Benj. on Sales, 1); and this expresses the general understanding of the term. But within any definition it must include those elements, and the transfer must of course be with the assent of the owner. The jury may have found that the prisoner's case fell short of this. The owner agreed that he should have the goods on payment of or when he paid the price, not before. It was the understanding of both that the two events were to be cotemporaneous. This was the agreement. The goods were secure in Howard's possession, the title was in him, and although he sent them from beyond the walls of his store it was upon the same agreement, and his relation to them was unchanged. Nor was the actual custody altered. He placed them in the hands of one, who as to him was an expressman or public carrier, with directions to deliver the goods only on receiving pay therefor. The prisoner knew this, and knew that it was only by payment of money he would be entitled to the goods. No doubt if he had paid the money to Story he would have been relieved from liability whether Story paid it over to Howard or not, for as to this, Story was Howard's agent, and his only authority was to hand over the goods on receiving the money. It was, therefore, a limited or special authority. It did not enable him to make a contract or waive the terms of one already made. He could part with the possession, but the property nevertheless remained in Howard. In fact, the assumed expressman was in the employ of the prisoner; but of this Howard was ignorant. The prisoner received the goods from Story without payment of money or other thing of value. The jury may have found that this was his scheme at the beginning, and thus that there was on his part a felonious intent — an *animo furandi* — pervading the transaction and continuing to the end; that there was no delivery by the owner or parting with the title; and, if so, the verdict was right.

The learned counsel for the plaintiff in error has cited many cases to show that the offense is not made out if the owner intends to part with the property and delivers possession absolutely, although he has been induced thereto by fraudulent means. They have no application to the case in hand   The jury, under, as must be assumed, a correct exposition of the law, have found to the contrary, and the evidence sustains the finding. The owner expected the property to be returned to him unless the money was paid.   This the plaintiff in error knew, and when he received the goods, he obtained them not by Howard's parting with the property, but against his will and consent. His position, therefore, is not different from what it would have been, if at the time of the negotiation for the goods he had, after agreeing to buy, and assenting to the price and terms of cash payment, taken away the goods without payment or the consent of the owner.   Neither the lapse of time nor the intervention of another party relieves him, for the authority of the pretended expressman, as we have seen, was limited.   The condition was the same, viz.: when the prisoner paid the price, he should have the goods, and not before.   He took them without the owner's consent, and without payment.   Thus the offense in either case would be larceny. (*Reg.* v. *Cohen,* 2 Denison's C. C. 249; *Reg.* v. *Webb,* 5 Cox's C. C. 154; *Reg.* v. *Slowly,* 12 id. 269; *Queen* v. *Prince,* L. R.; 1 C. C. 150; *Hildebrand* v. *People,* 56 N. Y. 394.)   The evidence objected to was properly received as bearing upon the question of intent.   The ruling is sustained upon the principle applied in cases cited by the General Term and in *Mayer* v. *People* (80 N. Y. 364), and *People* v. *Shulman* (note thereto, p. 373), where the examination of cases was made with such fullness as to preclude the necessity for more discussion.   In the case before us, as in those, the *quo animo* of the transaction was one of the facts to be arrived at and might be established in the same manner.

The judgment should be affirmed.

All concur.

Judgment affirmed.