## PEOPLE *v.* DEAN.

*(Supreme Court, General Term, First Department.   December 29, 1890.)*

1. LARCENY—SWINDLING—COMPLICITY—EVIDENCE.
   At a trial for larceny, the complaining witness testified that defendant informed the witness that he had a large claim against T., which could only be obtained by employing other money, and, if the witness would furnish $1,000, he would furnish more, and, with the assistance of one E., the money could be obtained from T., and it would then be divided among the three; that the witness assented, and the four persons met, and the money was staked in a game of cards, and passed to T., who retained it; and that the witness believed all that had been said to him until after he lost his money. *Held,* that no intent on the part of the witness to combine with the other two to commit any offense was shown, so as to require an acquittal.

2. SAME—INDICTMENT—VARIANCE—FALSE PRETENSES.
   Nor does the proof make out a case of larceny by false pretenses, such as to constitute a variance from the indictment, because the false representations made were not set out therein.

3. SAME—INSTRUCTIONS—HARMLESS ERROR.
   Mere general remarks in a charge to a jury in regard to swindling, having no relation to such case, and not applied to the disposition of it, are not ground for reversal, where the evidence in the case and the legal rules governing it are clearly stated, and the jury admonished not to convict unless guilt is proven within those rules.

4. SAME—EVIDENCE—SUBSEQUENT DECLARATIONS.
   At a trial for larceny of money by trick, testimony of the complainant to what was said and done at subsequent interviews with defendant by appointment, at which he proposed ways in which a return of the money could be secured, is admissible to show that complainant had not intentionally parted with his money, or the title to it.

Appeal from court of general sessions, New York county.

Indictment against John B. Dean for larceny. Defendant appeals from a judgment of conviction.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Jos. I. Green,* for appellant.   *John R. Fellows,* Dist. Atty., (*McKenzie Semple,* of counsel,) for the People.

DANIELS, J. The indictment charged the defendant with having feloniously stolen, taken and carried away the sum of $900 in bills, consisting of United States treasury notes and bank-notes, the property of George H. Chap-

pell. By the proof given to sustain the charge, it was made to appear that the complaining witness answered an advertisement published in the New York World, which read: "WANTED, Gentleman with $1,000 cash. Can insure big returns in a few days. IMPORTANT, 255, Uptown World,"—and that brought about several conferences between himself and the defendant, which resulted in their meeting two other persons in a house on Thirty-Third street in the city of New York, and there staking his money on a game called "faro," and losing the $900 mentioned in the indictment. He testified that the defendant previously informed him that he had a large claim against a person he named as Morgan, but whose real name was Thompson, and that it could be only obtained by the employment of other money, and desired the witness to furnish about $1,000, and he himself would furnish as much or more, and by the use of it, and with the assistance of another person called Brooks, but whose name was Eaton, the money could be obtained from Morgan, and, when the money was secured from Morgan, it should be divided among these three persons. The witness assented to the arrangement, and the four persons met at the place referred to, where the money was passed over to Eaton, for which chips were dealt out by him, and the cards drawn out, and the money passed over to Thompson, who retained it. The witness states that he had several interviews with the defendant to obtain a return of his money, but which wholly failed in their object, and this prosecution was then instituted.

The evidence tended to prove these three persons to be confederated together, and that the entire scheme from the beginning was no more than a device to obtain this money. The witness was a clergyman, guileless and unsophisticated, and testified that he believed all that had been said to him, until he had lost his money and left the building, when it occurred to him that he had been deceived. At the close of the evidence the defendant's counsel moved for his discharge on the ground that the crime of larceny had not been proved, and that there was a variance between the proof and the indictment, which did not set forth the false representation made. The court denied the motion, and the defendant's counsel excepted. And this exception is depended upon to support the appeal. It is urged that the exception is sustained by the cases of *McCord* v. *People*, 46 N. Y. 470, and *People* v. *Dumar*, 106 N. Y. 502, 13 N. E. Rep. 325. But that is not their effect, for there was no intent on the part of the witness to combine with the other two persons to commit any offense, as there was in the first of these cases. The object, on the contrary, was to obtain from Thompson what the defendant represented he was justly entitled to receive from him, which would be, in no possible view, a violation of the law. The other of these cases was one of false pretenses, which were not referred to or set forth in the indictment. These pretenses had proved successful, and the title as well as the possession of the property had been parted with; while in this case the title to the money supplied by the witness was not intended to be surrendered, but it was to be used to insure the success of the expedient, which the witness testified was explained to him by the defendant, but which he still failed to fully comprehend or understand. This case, as the evidence tended to prove it, was not one of larceny by false pretenses, but by artifice and trickery. That was larceny, as the crime was defined by law before the enactment of the present Penal Code. It consists in feloniously obtaining the possession of another's property, while the title continues in the latter, intending thereby to appropriate it to the use of the person receiving it. Devices of this description have been frequently before the court, and, where possession has been obtained by means of them, larceny was held to have been committed. Whart. Crim. Law, (4th Ed.) §§ 1849–1852. And this principle has been sustained and applied in cases brought before the court of last resort in this state. *Smith* v. *People*, 53 N. Y. 111; *Loomis* v. *People*, 67 N. Y. 322, 328;

*Justices, etc.,* v. *People,* 90 N. Y. 12.   Both the indictment and the proof were sufficient to maintain the prosecution, and the court was right in denying the defendant's motion to be discharged.

In the submission of the case to the jury the judge presiding remarked that swindlers abound everywhere, and their prey is generally the innocent country-men,—men who have lived far away from the city, and who are unused to the ways of the city of New York; and to that the defendant's counsel excepted.   The remark is unfortunately a well-known and notorious truism. But it was not applied to the disposition of this case.   It was made by way of introduction, and afterwards the attention of the jury was drawn to this case, and the evidence produced in it, and in what was then said the legal rules governing it were clearly repeated, and the jury were admonished not to convict unless guilt was proven within these rules.   The remark made could, therefore, have resulted in no harm to the defendant.   An exception was also presented to the remark that the jury were not to apply the same rules to all men, that men in different circumstances must be judged by those circumstances, and that imbecile persons are not to be held to the same rule as those of sound judgment and sound minds.   This was no more than an abstraction, having no relation to the case, for there was no reason for supposing that the complaining witness was an imbecile, or a person of even weak mind.   He was inexperienced in these devices and artifices, but in no other respect infirm in mind, and the remark was in no respect pertinent to the case.   For that reason the exception taken to it is unavailing.   The complaining witness testified that he several times met the defendant by appointment, and conferred with him, when he proposed ways in which a return of the money would be secured.   But they all failed, as it was probably intended they should.   They did, however, tend to prove that the witness had not intentionally parted with his money or the title to it.   The defendant's conduct and statements were evidence of that fact.   And the exception taken to the reference made to what had been said and done in that view and to attain the return of the money can be of no benefit to the defendant.   The case was throughout one for the jury, and their verdict is sustained by the evidence, and, as the exceptions can neither of them be supported, the judgment should be affirmed.   All concur.