(47 App. Div. 283.)

PEOPLE v. LIVINGSTONE.

(Supreme Court, Appellate Division, Second Department.   January 9, 1900.)

LARCENY—"GREEN GOODS"—INSTRUCTIONS.

    On an indictment for larceny for obtaining prosecutor's money on false and fraudulent representations that certain papers exhibited by defendants were genuine money, and a second count for simple larceny, where there was some evidence that prosecutor expected to receive counterfeit money, it was reversible error to refuse to charge the jury to acquit defendant if they found prosecutor expected to receive counterfeit money, since, if he parted with his money for an unlawful purpose, no conviction could be had on either count.

    Appeal from Queens county court.

    Henry Livingstone was convicted of larceny, and he appeals.   Reversed.

    Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

    Daniel Noble, for appellant.

    George W. Davison, Dist. Atty. (Daniel Underhill, Jr., on the brief), for the People.

    PER CURIAM.[1]   The prosecutor was defrauded of $500 by the "green goods game," in the borough of Queens.   For his participation in this fraud the appellant was indicted for larceny in the first degree, and convicted before a petit jury.   The main argument for the defendant on this appeal is that the verdict was against the weight of the evidence.   As to this, all we can say is that a careful examination of the evidence satisfies us that the jury correctly disposed of the questions of fact so far as the defendant's guilt was concerned.   But there was an error of law committed by the learned county judge in his charge to the jury, for which we feel constrained to reverse the judgment.   There were two counts in the indictment. The first was for obtaining the prosecutor's money on the false and fraudulent representation that certain papers and writings exhibited by the appellant and his co-defendant to the prosecutor were genuine and lawful United States moneys or notes;  the second was for larceny pure and simple.   The prosecutor, a stranger, from the West, testified that the defendants agreed to give him $3,000 in money, which they exhibited to him, in exchange for $500.   He says that they represented and he believed that the money was good and genuine, and not counterfeit.   On the defense, evidence was given of the prosecutor's admission to certain police officers, shortly after the commission of the offense, that he expected to receive counterfeit, and not real, money from the defendants.   For the appellant the court was asked to charge that, if the jury found from the testimony that the prosecutor intended to procure counterfeit money, and not genuine money, then they must acquit.   This the court refused.   So far as the count for false pretenses is concerned, section 528 of the Penal Code prescribes that a person is guilty of larceny who, with

    [1] This opinion was written by Mr. Justice CULLEN before his designation as an associate judge of the court of appeals, and is adopted by this court.

intent to defraud the true owner of his property, obtains the possession thereof by color or aid of fraudulent representations or pretense. The ordinary form of indictment for larceny is not sufficient to reach such an offense under this section. The false pretense must be set forth in the indictment. People v. Dumar, 106 N. Y. 502, 13 N. E. 325. The pretense charged is not that the money to be given by the defendants was counterfeit, but genuine. Though it may not have been the sole inducement upon which the prosecutor parted with his money, still it must have been an inducing cause to some extent. People v. Court of Oyer & Terminer of New York Co., 83 N. Y. 436. If, therefore, the prosecutor did not believe the representation, nor act upon it, the offense was not made out. But there is a further difficulty with the case if the prosecutor believed the money was counterfeit. In McCord v. People, 46 N. Y. 470, it is held that, if the prosecutor parted with his property for an unlawful purpose, no prosecution for false pretenses could be sustained. A conviction under the second count might well have been had on the evidence in this case, were it not for the objection last referred to. The prosecutor did not intend to give any credit to the defendants. The delivery of his money to the defendants, and the receipt from them of their money, were to be substantially simultaneous actions. As the defendants did not give the prosecutor bills, but only brown paper, they obtained no title to the latter's money. It is said: "If the seller delivers first before the money is paid, and the buyer fraudulently runs off with the article, or if, on the other hand, the buyer pays first, and the seller fraudulently runs off with the money without delivering the thing sold, it is equally larceny." Reg. v. Slowly, 12 Cox, Cr. Cas. 269. So, also, Hildebrand v. People, 56 N. Y. 394, where the prosecutor gave a $50 bill in a saloon to pay 10 cents for a glass of soda, and the barkeeper kept the bill, and put the prosecutor out of the saloon, it was held that this was larceny. See, also, Shipply v. People, 86 N. Y. 375. If, therefore, the prosecutor had expected to receive any real money or property, the appellant's act would be larceny at common law, within the authorities cited. But the same rule declared by the court of appeals in the false pretense case seems equally applicable to a larceny case; that is to say, if the prosecutor believed that the money was counterfeit, he had no right to accept it, or have it in his possession.

We very much regret being compelled to reverse this conviction. Even if the prosecutor intended to deal in counterfeit money, it is no reason why the appellant should go unwhipped of justice. We venture to suggest that it might be wise for the legislature to alter the rule laid down in McCord v. People, supra. It is true that there is now in the Penal Code a provision for the punishment of these "green goods" offenders, but prosecution under it seems to be difficult; the only reported case that we know of (People v. Albow, 140 N. Y. 130, 35 N. E. 438) having been unsuccessful, and that on account of technical defects. If the rule as to larceny by false pretense and by trick or device were made the same as the common-law rule that stealing property from a thief is the same crime as stealing from the true owner, we think this class of cases might be much more

successfully dealt with. We know that a feeling prevails to some extent in the community that it is unjust that one offender should be punished and his co-offender obtain immunity. This feeling is absolutely unreasonable. Where one offender is punished, and another escapes, there may properly be a feeling of dissatisfaction, but the dissatisfaction should be, not because one man is in prison, but because the other man is out.

The judgment should be reversed, and a new trial granted.