THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALZAMON IRA LUCAS, Defendant.

Supreme Court, Monroe County, June 8, 1927.

**Crimes — obtaining money and signature through false representations, in violation of Penal Law, §§ 932, 1296 — indictment dismissed — health instructions — guarantee of cure suggests civil remedy.**

An indictment for a violation of sections 932 and 1296 of the Penal Law, based on obtaining money and a signature to a paper by fraudulent representations, is dismissed, since the evidence before the grand jury does not show a fraudulent intent on the part of the defendant or deception of the complaining witness, who received defendant's health instructions under a guarantee of his highest services.

*It seems,* that a guarantee of a cure suggests a civil rather than a criminal remedy.

MOTION to dismiss indictments under sections 932 and 1296 of the Penal Law.

*Leo J. Rice,* for the motion.

*William F. Love* [*William J. Clay* of counsel], opposed.

RODENBECK, J. The evidence before the grand jury was required to show beyond a reasonable doubt that there was a criminal intent to deceive by fraudulent representations and actual deception of the complainant. This does not appear. "A mere false statement is not punishable as a crime." (*People* v. *Baker,* 96 N. Y. 340, 347.) The false statement must have been intentionally made. The gist of the written statement relied on is that the defendant was to give health instructions and guaranteed his highest services, and that the complainant was to pay for health instructions for one year. The defendant did not represent himself as a doctor in the commonly accepted sense of that term. He is not indicted for practicing medicine without a license. He did not pretend to

treat the complainant as physicians do, but to give health instructions. The complainant was not deceived by the defendant. (*People* v. *Livingstone,* 47 App. Div. 283.) She knew his method of treatment and agreed to pay for it and continued for one year to receive it. Lack of faith in the defendant's method of treatment does not justify his indictment. He is not indicted for mistreating her. She was not bound to continue the instructions or subject herself to mistreatment. She continued and submitted with full knowledge of the facts. The guarantee of a cure suggests a civil rather than a criminal remedy. The grand jury should not be used to enforce a civil complaint. Physicians cannot be indicted for a mere failure to effect a cure. Neither should the defendant. A false prophecy cannot constitute the basis of a criminal charge. (*People* v. *Burgess,* 244 N. Y. 472, 475.) Mere disagreement with the practices of the defendant does not make his acts criminal. Prejudice has no place in the enforcement of the law. Aside from the absence of evidence of any criminal intent by the defendant and deception of the complainant, the grand jury were undoubtedly prejudiced by the wholesale charges made against the defendant in one proceeding, all of the indictments founded upon which have been hitherto disposed of by the Statute of Limitations or the lack of authority to prosecute, except the two indictments involved here which should be dismissed for insufficiency of the evidence upon which they are based.

So ordered.