Harold J. Crawford, J.
This action was tried by the court without a jury and is one brought by the purchaser of a small boat against Custom Craft Marine Co., Inc., its manufacturer (referred to herein as Custom), and Parkway Marine Corp., its seller (referred to herein as Parkway).
Plaintiff, a New York corporation, alleges in its complaint a separate cause of action against Custom and Parkway. It charges, firstly, that Custom converted a small boat which Custom had manufactured but which plaintiff had purchased from Custom’s dealer, Parkway. For this alleged act of conversion, plaintiff seeks $1,625 in damages. These damages represent $1,400 plaintiff paid towards the purchase of the boat and $225 it paid for the rental of docking facilities at the Throggs Neck Marina at Wliitestone, New York. Secondly, it seeks to recover from Parkway on a bad check in the amount of $1,400 which Parkway had given plaintiff after the alleged act of conversion when plaintiff demanded the return of its money. Although served with process, the record herein reveals that *304 Parkway has failed to answer or otherwise appear in this action. Accordingly, plaintiff during the trial took an inquest on its action against Parkway. However, since plaintiff could not recover on both causes of action, it elected during the trial to pursue its remedy against Custom for the alleged conversion.
On this cause of action, the credible evidence establishes that plaintiff agreed to purchase from Parkway the Custom Craft boat. A memorandum of this agreement, dated June 9, 1961, provided for delivery of the boat within 10 days to 2 weeks. Plaintiff made payment of $1,400 by its check dated June 12, 1961, and thereafter received possession of the boat at its rented mooring at the Throggs Neck Marina. The boat was promptly registered by plaintiff with the New York State Conservation Department and insured against loss. The court finds and decides that plaintiff was and is the owner of the boat in question. Nevertheless, after plaintiff became the owner of the boat, Custom, without permission from the plaintiff, at the request of Parkway, removed the boat from its mooring and transported it to Buffalo, New York, for repairs. The evidence indicates that while plaintiff did request Parkway to make repairs, the work was to be done at the mooring at Throggs Neck. Some time after the removal of the boat, plaintiff ascertained its loss, made inquiries of Parkway, and promptly demanded from Parkway and Custom its return. Not meeting with success, one of plaintiff’s officers, on August 8, 1961, visited the officers of Parkway and demanded the return of plaintiff’s $1,400. It took this officer some five continuous hours before Parkway relented and gave its check for $1,400. This check was presented for payment and dishonored for insufficient funds.
It is obvious that the removal of the boat from its mooring was wrong, for the title and right to possession was vested in plaintiff. It is equally clear that the request for repairs was not an authorization to remove the boat from its mooring and, accordingly, a conversion did occur which entitles plaintiff to damages. Custom, however, contends that plaintiff’s acceptance of a check from Parkway, notwithstanding its dishonor for insufficient funds, caused a transfer of title from plaintiff to Parkway and, as a result, having no title or right to possession, plaintiff cannot maintain this conversion action. In Phelps v. McQuade (220 N. Y. 232, 234), the court said: “ Where the vendor of personal property intends to sell his goods to the person with whom he deals, then title passes, even though he be deceived as to that person’s identity or responsibility. Otherwise it does not. It is purely a question of the vendor’s intention.” (Emphasis supplied.)
*305 This court believes that the credible evidence establishes that plaintiff intended to repass title to the boat to Parkway only when it received the return of its money. There was no reliance on the credit of Parkway. It was a cash transaction. (Shipply v. People, 86 N. Y. 375.) Accordingly, the acceptance of Parkway’s check for $1,400 did not pass title. Title was only to pass when the check was honored. (Amols v. Bernstein, 214 App. Div. 469 [1st Dept., 1925].) Thus, the court finds and decides upon all the evidence that plaintiff has established by a fair preponderance of the credible evidence its right to the damages demanded in the complaint for the conversion of its boat. The cause of action against defendant Parkway is dismissed.
All motions made in the course of trial in which the court reserved decision are now decided in conformity with this decision.