[No. 3740.]

HOUSH v. THE PEOPLE OF THE STATE OF COLORADO.

1. JURY—SPECIAL VENIRE.

An open venire for additional jurors may be issued when those origi-
nally summoned are insufficient to complete the panel.

2. CRIMINAL LAW—LARCENY BY BAILEE.

When the owner of personal property parts with the possession thereof
only upon condition that the title shall remain in him until it is dis-
posed of in a particular way and the purchase price is paid, the
obtaining of such possession by fraud with intent to deprive him of
the property is sufficient to constitute larceny, if the property be
subsequently converted by the taker to his own use.

3. SAME—EVIDENCE—LIKE OFFENSES.

For the purpose of showing the guilty intent of the accused in a prose-
cution for obtaining goods by fraudulent representations it may be
shown that he was engaged in other similar frauds, provided the
transactions are so connected as to time and so similar in their
other relations that the same motive may be reasonably imputed to
them all.

*Error to the District Court of Cheyenne County.*

THE plaintiff in error was informed against for the larceny
of 341 sheep, of the value of $2.50 each, the property of one
J. O. Dostal; was convicted and sentenced to the peniten-
tiary for the term of eighteen months.   To reverse this
judgment he brings the case here on error.

Messrs. VANATTA & CUNNINGHAM and Mr. C. D. MAY,
for plaintiff in error.

The ATTORNEY GENERAL, Mr. CALVIN E. REED and
Mr. GEO. H. THORNE, of counsel, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

The first ground relied upon for reversal is the fact that
the defendant was compelled to go to trial before a jury sum-

moned on a special venire. It appears from the record that two trials were had. The first was had before a jury selected from the panel regularly drawn and summoned, and resulted in a disagreement and discharge of that jury. The case was reset for trial on the following day; "and it appearing to the court that there was not a sufficient number of petit jurors present to complete the panel," a special venire was ordered to issue for thirty jurors, returnable at that time. The bill of exceptions contains the following objection, which was overruled: "Before the impanelling of the jury was commenced, counsel for defendant objected to proceeding to trial with the present special jury, for the reason that the regular panel had been discharged." The record fails to show that the regular panel had been discharged; but, to the contrary, it does appear therefrom that W. H. Rhodes and Paul Meier, who were summoned upon the regular panel, were selected as jurors upon the second trial; and that the court ordered a special venire because there was not a sufficient number of the jurors originally summoned remaining to complete the panel. In such case the court below was authorized to issue an open venire for additional jurors, under sec. 2609, Mills' Ann. Stats. *Nesbit v. People*, 19 Colo. 441.

The second and principal ground presented by the assignments of error is that the evidence is insufficient to show the crime of larceny. The testimony of the prosecuting witness was to the effect that he parted with the possession of the sheep upon the receipt of the sum of $100 and a sight draft for $700, the balance of the purchase price, drawn on the George Burke Company, commission merchants at South Omaha, Nebraska, and with the distinct understanding that the sheep were to be shipped to The George Burke Company, and that the title to them should not pass until the draft was paid. It further appears from the testimony that the sheep were shipped to South Omaha, and from there reshipped by defendant to Chicago, where they were sold, and the draft was never paid.

The argument in support of this objection is that the sheep

having been delivered by the prosecuting witness to the defendant, with the intention of selling them, and the defendant having obtained them under purchase, he cannot be convicted of larceny, although he may have induced the prosecuting witness to part with them by fraudulent means. This proposition is no doubt correct, where the owner intends to, and does, part with the title and the possession of the property unconditionally; but it is equally well settled that where the owner of the property parts with the possession only, with the understanding that the title shall remain in him until the same is disposed of in a particular way and the purchase price paid, that the obtaining of such possession by fraud, with the felonious intent to deprive the owner of the property, is sufficient taking to constitute larceny, if the property is subsequently converted by the taker, to his own use. *Smith v. People*, 53 N. Y. Ct. App. 111; *Commonwealth v. Barry*, 124 Mass. 325; *Harris v. State*, 81 Ga. 758; *Elliott v. Commonwealth*, 12 Bush (Ky.), 176; *Johnson v. People*, 113 Ill. 99; *People v. Laurence*, 137 N. Y. Ct. App. 517; *People v. Raschke*, 73 Cal. 378.

The law in this regard was correctly given to the jury; and, they having found from the evidence that the prosecuting witness's version of the transaction was true, and that the defendant obtained the possession of the sheep with the intention of feloniously converting them to his own use, and did so convert them, — there being evidence sufficient to support this conclusion, we must accept their finding as conclusive upon this review.

Mrs. Katrina Shafer and George Shafer were permitted, over objection of defendant, to testify to a similar transaction had by defendant with Mrs. Shafer, at the same time. This is assigned for error. The testimony was allowed for the purpose of showing the intent with which defendant obtained possession of the sheep in question, and the jury were instructed that it was introduced for that purpose alone, and that they should not consider it for any other purpose whatever. We think, as thus limited, the testimony was admissible.

It tended to throw light on the *quo animo* of the transaction under investigation. *Weyman v. People*, 4 Hun, 511; *Mayer v. People*, 80 N. Y. 364; *Shippley v. People*, 86 N. Y. 375; *Defrese v. State*, 3 Heisk. (Tenn.) 53.

The rule on this subject is concisely stated in *Weyman v. People, supra*, as follows:

"Where goods have been obtained by means of fraudulent representations, it has been held that as. the intent is a fact to be arrived at, it is competent to show that the party accused was engaged in other similar frauds about the same time; provided that the transactions are so connected as to time, and so similar in their other relations, that the same motive may reasonably be imputed to them all."

The foregoing covers what we regard as the important objections presented for our consideration, and our conclusion is that no reason appears for disturbing the verdict; and the judgment and sentence are accordingly affirmed.

*Affirmed.*