[No. 6182.]

## IRVING v. THE PEOPLE.

1.  **Appellate Practice — Criminal Cases — Questions Not Presented by Record—Motion to Quash—Effect.**

    In a criminal prosecution, where the abstract of the record does not contain a copy of the information, nor any of the evidence offered on the trial, nor the motion to quash the information and the ruling thereon, error in overruling the motion cannot be considered on appeal; and where the instructions given are correct as abstract propositions of law, it will be presumed that they were properly applied to the evidence introduced, and as to those refused, their applicability cannot be determined in the absence of the evidence.—P. 261.

2.  **Practice in Criminal Cases—Oral Instructions—What Constitutes—Statutory Construction—Appellate Practice—Harmless Error.**

    3 Mills' (Rev.) Stats., § 1468a, provides that the district court shall only instruct the petit jury as to the law of the case, and such instructions shall be in writing, and he shall not, after they are given orally, qualify or explain the same to the jury. In a criminal prosecution, after having instructed the jury in writing, the trial court, at the request of the district attorney, stated orally to the jury that, the state having elected to stand upon the first of two acts testified to, evidence of the second act could not be considered for the purpose of establishing a distinct offense, but only in corroboration of the prosecuting witness as to the first act. Held, that the remarks of the trial court did not constitute an instruction within the statute, but merely an oral direction which in no way modified or qualified the instruction given; and, even if such remarks could be considered an instruction, being favorable to defendant, it was not prejudicial and does not constitute reversible error.—P. 262.

3.  **Practice in Criminal Cases—Retaliatory Remarks—Appellate Practice.**

    In a prosecution for rape, while the remarks of the prosecuting attorney that defendant, although having the right to do so, did not dare to put witnesses on the stand to show his character or reputation, were improper; yet, where they were made in reply to remarks by defendant's attorney that the prosecution had used every effort to find something against defendant's character and would have done so if it could, defendant's counsel having first gone outside the record and commented upon defendant's character and criticised the prosecution for omitting

to produce evidence which it had no right to produce, the remarks by the prosecuting attorney in reply do not constitute reversible error.—P. 263.

*Error to the District Court of the City and County of Denver.*

*Hon. Harry C. Riddle, Judge.*

George B. Irving was convicted of rape, and he brings error.                    *Affirmed.*

Mr. JOHN A. DEWEESE and Mr. C. W. COYKENDALL, for plaintiff in error.

Mr. WILLIAM H. DICKSON, attorney general, and Mr. GEORGE D. TALBOT, assistant attorney general, for the people.

Mr. JUSTICE GODDARD delivered the opinion of the court:

We learn from the briefs of counsel that the plaintiff in error was tried and convicted under section 1211, Mills' Ann. Stats.

The abstract does not contain a copy of the information, the sentence imposed, nor any of the evidence offered or introduced upon the trial.

Error is assigned upon the overruling of a motion to quash the information. The record does not contain the motion to quash, or the ruling of the court thereon. We are, therefore, unable to consider this objection; nor can we consider the errors assigned upon the giving and refusing of instructions, since none of the evidence is before us to which the same were applied. Those given seem to correctly announce abstract propositions of law, and we must presume that they were properly applied to the evidence introduced; those refused may or may not express the law applicable to the facts proven. This we cannot determine in the absence of such facts.

The only questions presented that we can consider are:

1. Whether the court committed a reversible error in orally stating to the jury that the district attorney, having elected to stand upon the first of the two acts testified to by the prosecuting witness, and cautioning them that the evidence as to the second act could not be considered for the purpose of establishing a distinct offense, but solely for the purpose of corroboration or explanation of the testimony given by the prosecuting witness in regard to the first act, and in stating to them that the defendant could be found guilty, if at all, only of the first offense charged.

Counsel for plaintiff in error excepted to this statement upon the ground that it constituted an oral instruction and was in violation of section 1468a, 3 Mills' (Rev.) Stats., which enacts:

"The district court, in all cases, both civil and criminal, shall only instruct the petit jury as to the law of the case; and such instructions shall be reduced to writing, * * * and he shall in no case, after instructions are given, orally qualify, modify, or in any manner explain the same to the jury; *Provided,* That upon request of both parties such instructions may be given orally; but in such case, if either party except to such instructions, the same and every part thereof shall immediately be reduced to writing."

We think this objection is, under the circumstances, untenable for two reasons: (1) The oral remarks complained of were made in pursuance of a request of the district attorney to caution the jury as to the purpose for which the evidence relating to the second act was admissible, and do not, in our opinion, constitute an instruction within the contemplation of the statute, but was merely an oral direc-

tion during the progress of the trial which in no way modified or qualified any instruction theretofore given; (2) If the statement could be considered as an instruction as to the law, it being in favor of the plaintiff in error, giving it orally was at most an error without prejudice, and one that does not constitute a ground for reversal.

2. The error assigned upon the remarks of the district attorney in his closing argument presents a more serious question, and while we think such remarks were improper in so far as they reflected upon the defendant's character, in regard to which no testimony, as we are informed by counsel, was introduced, and in face of the instruction given that,

"The law presumes that a person has a good character and reputation until the contrary is shown, and the jury have no right to consider the omission on the part of the defendant to introduce evidence of a good character as a circumstance against him or as tending to show his guilt in this case," the only justification claimed for making such remarks was the statement theretofore made by counsel for defendant in his argument to the jury, to wit:

"That the prosecution had raked hell with a fine-tooth comb to find something against the defendant, and if they could have found anything against him they would have shown it.".

The remarks complained of were in reply to this statement of counsel for defendant, and were to the effect that counsel for defendant, while having the right to do so, did not dare to put decent, reputable witnesses on the stand, who had known defendant, to show that he had any character or reputation in the community.

While it is the law that a prisoner's character cannot be inquired into or commented upon by the prosecuting attorney until he himself has sought to

establish his good character, yet if his counsel goes outside of the record and comments upon his character, and especially when, as in this case, he criticises the prosecution for omitting to produce evidence which it had no right to produce, and charges that it was unable, with all its diligence, to show anything against defendant's character; in view of this statement and the inference that it was intended the jury should draw therefrom, we think the district attorney did not commit a reversible error in replying that it was within the province of the defense only to introduce that character of evidence and that not having done so it did not dare to do so.

While, even under these circumstances, the conduct of the prosecuting attorney is not wholly excusable, yet in the light of the provocation given therefor we do not think it constitutes an error which the defendant, under the circumstances, can avail himself of.

Upon the record before us there is no question presented that would justify a reversal of the judgment of the court below.

It is, therefore, affirmed.     *Affirmed.*

Chief Justice Steele and Mr. Justice Bailey concur.