## No. 9358.

### MYERS *v.* THE PEOPLE.

1. WORDS—*Month,* is always taken to refer to the current year unless the contrary appears from the connection.
The rule applies even in the trial of one accused of crime.

2. CRIMINAL LAW—*Evidence of Other Crimes,* committed about the time of the offense charged, and of similar character, is admissible upon the question of intent.
The evidence examined and held sufficient to warrant the reference thereto, in the charge, as "evidence of other crimes".

3. —— *Sentence,* construed in connection with remarks of the presiding Judge as not involving the punishment of the accused for an offense not charged.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. LOUIS WAGNER, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. RALPH E. C. KERWIN, Miss CLARA RUTH MOZZER, Assistant Attorneys General, for The People.

Opinion by Mr. Justice Allen:

The plaintiff in error was convicted of the crime of larceny. He asks for a reversal upon three grounds, each of which is hereinafter considered.

The first contention made is that there is no proof of the year of the commission of the offense charged. Relevant to the question thus raised, the record shows the following facts:

The information alleges that the defendant "on the 9th day of October, 1917, at (etc.) * * * of the goods, chattels and personal property of Thayer Layton, one bicycle of the value of $42, did feloniously steal," etc. Thayer Layton testified that his bicycle was stolen "about October 3rd or 4th" and that he purchased the machine on "the 24th of September." He identified Peoples Exhibit A as the frame of his bicycle that had been stolen at the time mentioned. Counsel for the defendant in cross-examining this witness did not inquire as to the year, but did ask the witness "what day" in September he brought the wheel. The witness Dillon identified People's Exhibit A as the frame of the bicycle which he sold to Layton "on the ninth month, 24th day." He later named the month as September.

The trial took place on November 27, 1917, which was less than two months after the date of the offense as named in the information. The testimony fairly shows that when the month of October was referred to, it was October of the current year, 1917, that was meant. This is indicated by the form of certain questions propounded to witnesses.

The witness Dillon was asked: "Did you have any business transaction with him (Layton) recently, along in September?" His answer was in the affirmative and related to the sale of the bicycle which was afterwards stolen from Layton. The examination of Officer Baker was begun by the question: "Your name and occupation in October of this year, and since?" Officer Wendling's testimony followed the question: "Your name and position on

the ninth of last month, this year?" Officer Gilmer was asked: "Your occupation during October of this year?" The witness Printy was asked: "Where did you live on the ninth of October last?" There can be no doubt that the epxression "this year" was understood by both the prosecution and the defendant to refer to the current year, 1917, and that when the witness testified as to matters occurring in the month of October, and when they spoke of "October," the year understood and meant was 1917. In *Tillson v. Dowley,* 8 Greenl. (Me.) 163, speaking of certain testimony, it is said: "When a month is referred to, it will be understood to be of the current year, unless, from the connection it is apparent that another is intended." This rule has been approved in a homicide case, *Tipton v. State,* 119 Ga. 305, 46 S. E. 436, and is applicable in the instant case. The time of the offense may be established by circumstantial evidence. 16 C. J. 771. Under the facts appearing in this case, the failure of the witnesses expressly to name the year when testifying as to the day and month of the occurrences described is not a fatal defect, and did not vitiate the verdict.

The second contention made by the plaintiff in error, defendant below, is that the court erred in the admission of certain testimony which is referred to in the argument as "evidence of other offenses." Bearing upon this contention, the following circumstances are shown by the record:

The witness Printy testified that between eight and nine o'clock in the evening the defendant came to his shop and stated that he had bicycle frames, remarking also, "the funny part of it is they are in a stolen automobile." The automobile was driven to the back part of the shop where the defendant and another person proceeded to unload the frames. While the automobile was still at the back of the shop, and before all the frames were unloaded, it was discovered by Officer Gilmer. According to the printed abstract, this officer found fourteen bicycle frames in the lot, one of which was the frame of the bicycle for the theft of

which defendant was tried.  The evidence which is the subject of the contention that "evidence of other offenses" was received, consists of the frames found in the automobile, and the testimony of various witnesses who identified the frames as their own, and testified that their respective bicycles, to which the frames belonged, were stolen in the same city, and about the same time as that relating to the commission of the larceny charged in the information.

The testimony, although tending to prove other offenses, was admissible on the ground and the theory thus stated by the trial court at the time of its admission:

"I understand the purpose of this testimony that is now offered, is for the purpose of showing a system or motive or intent to commit the crime charged in the information? * * * For that purpose, and that purpose only, you may bring these frames and have them identified."

In the instructions to the jury, the court said:

"There is some evidence with reference to other transactions than that charged in the information.  The evidence is admissible only as bearing upon the question of whether or not the defendant had a plan or design to produce a result, of which the act charged in the information was a part, and you can consider such evidence for no other purpose."

Under the circumstances appearing in the record, this testimony, taken in connection with the court's ruling and instruction thereon, fully meets the tests which are applied in determining whether evidence tending to establish other crimes is admissible.  *Housh v. People,* 24 Colo. 262, 50 Pac. 1036; *Elliott v. People,* 56 Colo. 236, 138 Pac. 239.  In 17 R. C. L. 76, sec. 80, the law upon this point is summarized as follows:

"In cases of larceny, if properly connected, the proof that other stolen property was found in the possession of the defendant with the property charged to have been stolen is admissible for any of four purposes: (1) to prove felonious intent; (2) to prove that the alleged theft was a part

of a continuous transaction or scheme of larceny; (3) to identify the defendant; (4) to identify the stolen property. In all of these cases, however, it must not only be shown that the defendant was found in possession of the property, and that it was stolen; but, in addition thereto, it must appear from the proof that there was some connection between it and the property charged in the indictment to have been stolen. If nothing be shown but that it was in the defendant's possession, then it is inadmissible in every case, because it tends to prove nothing but another and a separate and independent larceny. If, in addition to the fact that the stolen property was found in the possession of the defendant soon after the alleged larceny, it be shown that it had been stolen at or about the same time and place as that charged to have been stolen, then it is admissible in all of the cases, because, under the circumstances of each case, it tends to prove the matter in controversy."

The third and last contention of the plaintiff in error is that the judgment is erroneous because, as it is alleged in an assignment of error, "the court erred in including as part of its judgment, punishment for crimes for which defendant was not on trial."

The statement thus made in the assignment is not borne out by the record. The court sentenced the defendant to a term of not less than two and a half years and not more than two years and eight months in the penitentiary, and then remarked:

"In view of the circumstances in this case, and the number of bicycles that you have taken from different people in the City and County of Denver, shown by the evidence in this case, in the opinion of the court, this is a very light sentence."

These remarks do not indicate that the court included in the sentence a punishment for the theft of other bicycles than that charged in the information; neither do they show that the sentence was influenced by the evidence of other

offenses. There is nothing in the record showing an abuse of discretion in fixing the punishment, and even if the court in the exercise of its discretion took into consideration the evidence which tended to show that this was not the defendant's only offense, this would not render the judgment illegal. 16 C. J. 1363, sec. 3210. It is not uncommon for courts in pronouncing judgment to take into consideration ·the habits of the defendant, whether or not his conviction is for a first offense, or whether or not he is a habitual criminal. Such circumstances surrounding the defendant, if within the knowledge of the court in any way, may properly be taken into consideration in the exercise of discretion within the statute in determining the measure of punishment that should be imposed. The appellate courts do not set judgments aside for such reason.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

Decision *en banc.*

Mr. Justice Teller and Mr. Justice White dissent.

Mr. Justice White dissenting:

I think the Court is in error in holding that the admission of evidence, tending to establish the commission of crimes other than the one charged against defendant in the information, was proper and not prejudicial to him. The quotation from 17 R. C. L., cited in the opinion, properly states the law, but the facts of this case exclude its application herein. On the contrary, that rule of law shows conclusively that the evidence in question was not only inadmissible, but highly prejudicial to defendant. It may be conceded that "the other property" found in the possession of defendant was stolen, but it does not appear from the proof that there was any connection between it and the property described in the information. Furthermore, the record does not show that the other property was stolen at about the same time and place as that charged in the· information. On the contrary, it shows the following, viz.;

that the property described in the information was taken at 16th and Wazee streets, in front of the Sugar Building, about October 3d or 4th, 1917; that the wheel of Otis C. Rubidge was taken from "in front of Barnes Business College the night of September 19th," no year designated; that the bicycle of Earl McAndrews was taken "about in August," no year or place shown; that the wheel of Edward Cornwell was taken "October, I think it was the 17th or 18th," no year or place disclosed; that the bicycle of Ellis Baskin was stolen "in the early part of October, at 18th and Lincoln" streets, no year given; that the bicycle of Guy E. Bruenert was stolen "along about October, (no year given), from the side of the store at 17th and Larimer streets."