No. 9734.

BUSH v. THE PEOPLE.

1. CRIMINAL LAW—*Fair Trial.* Defendant while without counsel, was arraigned under an information charging (1) Larceny of an auto car, and (2) Receiving the car knowing it to have been stolen, and requested further time to plead. This was denied. Shortly before this and while represented by counsel he had pleaded not guilty to an information containing the same charge upon which he was arraigned. *Held* not prejudicial.

2. *Excessive Bail.* One without means to employ counsel is not to be excused from giving bail, when charged with a crime, even though he is already under his personal recognizance, in a former information, charging the same offense.

3. *Continuance.* A continuance on the day appointed for trial, granted against the prisoner's objection, was assigned for error, because on the day first appointed he had a witness present, whose attendance he was not able to procure at the later day. No effort of prisoner to secure the attendance of his witness being shown, his contention as to the illegality of the continuance was held without merit.

4. *Endorsement of Additional Witnesses Upon Information,* after its filing, will not be regarded as error where no objection is taken either before trial or when the witnesses are sworn, and no surprise or prejudice to the accused is shown.

5. *Promise of Indemnity to Witness,* goes only to his credibility.

6. *Instructions.* Information for larceny, and for receiving the same goods, knowing the larceny. Verdict of guilty upon both counts. The judge instructed the jury that the accused could not be convicted of both these offenses, and directed them to revise their verdict. *Held* these remarks were not instructions within the meaning of Rev. Stat., secs. 1987-1988.

7. *Discourse by Judge*, in imposing sentence. His Honor in announcing the sentence of the convict alluded to the prevalence of the crime with which he was charged, and his former conviction. *Held* not error.

8. *Accomplice—Corroboration Of*, may be by circumstances.

9. *Record*. Complaints of prejudicial circumstances not evidenced by anything in the record will not be considered.

10. *Other Crimes*, of similar character participated in by the accused is competent, and comment of counsel thereon is proper.

*Error to Denver District Court, Hon. Greeley W. Whitford, Judge.*

*Department One.*

Mr. H. G. SAUNDERS, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, and Mr. CHARLES H. SHERRICK, Assistant, for The People.

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFF in error (hereinafter referred to as defendant) was tried in the court below on an information the first count of which charged the theft of an automobile, the second, receiving the same car knowing it to have been stolen. He was found guilty of the larceny and sentenced to the penitentiary for a term of not less than nine nor more than ten years. To review this judgment he brings error and the cause is now before us on his application for supersedeas.

It is the contention of defendant that the trial court committed many prejudicial errors; more particularly the following: 1. That defendant was obliged to plead without advice of counsel; 2. That excessive bail was required; 3. That a continuance was denied him and later granted the people over his objection; 4. That witnesses were improperly endorsed upon the information after it was filed; 5. That the evidence of a witness, procured by a promise of immunity, was admitted against him; 6. That the court orally instructed the jury; 7. That the court in imposing

sentence took into consideration matters not of record in the case; 8. That defendant was convicted upon the uncorroborated testimony of an accomplice; 9. That defendant's conviction was brought about largely by public clamor and adverse newspaper comment, and that the general conduct of the court showed bias and prejudice; 10. That evidence of offenses other than the one charged in the information was improperly admitted and counsel for the people permitted to comment thereon in argument. We will consider the foregoing in the order stated.

1. Defendant when arraigned was not represented by counsel and his request for further time before plea was denied. Thereupon he entered a plea of not guilty. Shortly preceding that date, and while represented by counsel, he had entered the same plea to an information containing a single count and making the same charge as that contained in the first count of the information on which he was convicted, hence for this and other reasons no prejudice arose.

2. Defendant's bail was fixed in the sum of $3,000 with good and sufficient sureties. It is said that this was excessive and one of the reasons urged is that he already was under a similar bond in another case charging larceny of the same property. In the first case defendant's own recognizance was taken. It would appear that such recognizance was worthless because defendant was financially unable to employ counsel. Considering this, and the further facts disclosed by the evidence, the order complained of was more than justified.

3. The cause was first set for trial over the protest of defendant. On the date fixed he appeared by counsel (who meanwhile had been appointed by the court), announced himself as ready and insisted upon proceeding, thus waiving any possible error in the setting. A five day continuance was then granted on motion of the District Attorney, and over defendant's protest. The only possible reason suggested why such a continuance was prejudicial is that defendant had a witness present on the first date whom he could not procure on the second; but as defendant intro-

duced no evidence in his own behalf, and the record is silent as to the issuance of any subpoena, or any other attempt by defendant to procure the attendance of such witness, the contention is without merit.

4. After the filing of the information the names of seven additional witnesses were endorsed thereon, the last one being so endorsed two days before the trial. No objection on this ground was presented at the beginning of the trial, nor called to the attention of the court when the witnesses were sworn. No showing of surprise or prejudice was made on behalf of defendant, and no application for a continuance. Under these facts it is well settled that error can not be predicated upon such an endorsement. *Boykin v. People*, 22 Colo. 496, 45 Pac. 419; *Askew v. People*, 23 Colo. 446, 48 Pac. 524; *Wickham v. People*, 41 Colo. 345, 93 Pac. 478.

5. It is contended that the evidence of one of the principal witnesses was procured by a promise of immunity and should therefore have been excluded, but the holding in *Barr v. People*, 30 Colo. 522-528, 71 Pac. 392, cited in support of this position, is to the contrary. Such promise goes only to the credibility of the witness, not to his competency. "It does not appear that the offer was made by any person in authority, or who claimed to be in authority, or whom the witness presumed, or had any reason to presume, had any authority." *Castner, et al. v. People,* 67 Colo. 327, 184 Pac. 387.

6. The jury, after deliberation, returned into court and presented verdicts of guilty on both counts of the information. These the court declined to receive, explaining that the defendant could not be found guilty of stealing the automobile in question and at the same time be found guilty of receiving the machine knowing it to have been stolen, and directed the jury to return and complete its labors accordingly. These remarks of the court were not "instructions" in the sense in which that term is used in the statute and hence not a violation of Sections 1987 and 1988, Rev. Stat. 1908. *People v. Bonney,* 19 Cal. 427-446. Furthermore,

as the jury had presented verdicts finding defendant guilty of two separate and distinct offenses and as a result of these remarks of the court a verdict of guilty was finally returned only as to one, the error, if any, was in defendant's favor and he can not be heard to complain. *Irving v. People*, 43 Colo. 260-262, 95 Pac. 940.

7. It is contended that statements made by the court at the time of sentence show that in fixing the punishment matters outside the record, i. e., the general prevalence of such offenses and the former conviction of defendant, were taken into consideration. Where, as here, evidence of the particular offense has been fully heard, and the term of sentence is within the discretion of the court, it is not improper to notice also matters of common knowledge in the community or facts disclosed by the court's own records; just as it is permissible to take into consideration statements made by the defendant in answer to the question why judgment should not be pronounced against him. *Tracey v. State*, 46 Neb. 361-367, 64 N. W. 1069.

8. It is said that defendant was convicted upon the uncorroborated testimony of an accomplice. This is incorrect even as to direct testimony, but corroboration may be by proof of circumstances as well and it is sufficient to say that here there is no lack of such corroboration.

9. It is urged that the prejudice of the trial court, public clamor, and adverse newspaper comment, contributed to the verdict. On these subjects the record is silent.

10. It was the contention of the people that the machine in question was taken by the witness Dale under an arrangement theretofore entered into between himself and defendant while both were incarcerated in the county jail, this arrangement being that Dale was to steal automobiles and deliver them to defendant at a certain fixed price per car; that such cars were then "worked" (numbers and identification marks changed or obliterated) and sold by defendant; that the car mentioned in the information was one of those stolen and disposed of as a part of this general plan; that defendant had a similar arrangement, as a

part of his scheme for reaping profit from stolen automobiles, with the witness Bretz. There is ample evidence in the record to sustain this contention and prove the particulars of this scheme. Under such circumstances evidence of the other thefts was clearly admissible under the second count of the information, and comment of counsel thereon proper. *Housh v. People,* 24 Colo. 262, 50 Pac. 1036; *Elliott v. People,* 56 Colo. 236, 138 Pac. 39; *Myers v. People,* 65 Colo. 450, 177 Pac. 145; *Castner v. People,* 67 Colo. 327, 184 Pac. 387.

Other minor matters are mentioned in the briefs which it is unnecessary to consider. We are satisfied that defendant had a fair trial and that no prejudicial error was committed against him. The supersedeas is accordingly denied and the judgment affirmed.

Garrigues, C. J. and Denison, J. concur.