No. 24125.

SCOTT ALAN NOLAND v. THE PEOPLE OF THE STATE OF COLORADO.

(485 P.2d 112)

Decided May 24, 1971.     Rehearing denied June 7, 1971.

ALPERSTEIN and PLAUT, P.C., ARNOLD ALPERSTEIN, SUSAN GRAHAM BARNES, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, DAVID A. SORENSON, Assistant, for defendant in error.

*En Banc.*

BYRON V. BRADFORD, District Judge,* delivered the opinion of the Court.

THE plaintiff in error, Noland, herein referred to as defendant, was originally charged with manufacturing a dangerous drug. Defendant entered a plea of guilty to the amended information charging possession of a dangerous drug and the original charge of manufacturing a dangerous drug was dismissed. Defendant's application for probation was denied after hearing, and sentence of an indefinite term, not to exceed one year, in the State Reformatory was pronounced.

Defendant's counsel at sentencing presented argument to the effect that the sentence was based on matters not in evidence nor contained in the Probation Report, and thus, did not support the trial court's conclusion resulting in the denial of probation and consequent sentence.

Defendant then filed in the trial court a motion under Rule 35(b) of Rules of Criminal Procedure to vacate, set aside or correct the sentence on the grounds that the

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

sentence was based on matters not in evidence, which motion was denied.

The defendant alleges error by the trial court in imposing sentence in reliance on matters not supported by the evidence and in denying relief under Rule 35(b) of the Colorado Rules of Criminal Procedure, such action by the trial court constituting a denial of due process.

An examination of the record discloses that the trial court held a hearing in connection with sentencing. At the hearing, the trial court considered defendant's statement that he, the defendant, was manufacturing the drug diethyltryptamine for the stated purpose:

"A. This whole purpose in mind in making diethyltryptamine was for my own research. I wished to find out the effects and I wanted to experiment with derivatives of this compound and determine their effect."

Also, the court considered the Probation Report which has been made a part of this record and recommends:

"The defendant seems very deeply involved in the narcotics situation, and even though he has no substantial prior record, it does not appear wise to consider probation at this time. A Reformatory sentence is recommended."

The Probation Report states that defendant's sole purpose was for research. The Probation Report also states that a search warrant had been obtained because of information that defendant and another young man had been purchasing drugs used in the experimentation; that defendant and others were seen taking laboratory paraphernalia to the home of the defendant; and that at the time of arrest the companion of the defendant attempted to dispose of some of the drug.

Nothing in the record makes mention of sale or disposition of the drug. Defendant neither admits nor denies sale or disposition but explains possession in the interest of experimentation.

Based on this evidence, the trial court in denying probation made the following findings:

"THE COURT: I spent a lot of time on this report. I have studied this record, and it's an unfortunate situation that we have a young man of this character and of this age spending his time developing unlawful drugs and apparently giving them or selling them to other young people. The information that I have from examining the reports is that this young man deliberately has violated this law, and it's a serious thing, it's very serious, because of the nature of the matter.

"We now have a problem with youth because of the fact that they are obtaining these types of drugs which are detrimental to their health and detrimental to everybody concerned; and the mother even warned this young man that he was going to get into trouble, and he is in trouble, very serious trouble.

"Probation is not possible in this matter because of the fact of the delicate situation in which this young man became involved with drugs, he obtained them, and for the purpose of disposing them to damage other young boys."

At this point, the record reflects the following colloquy between defense counsel and the court:

"COUNSEL: Your Honor, I don't believe the record —

"THE COURT: Now listen.

"COUNSEL: — justifies that.

"THE COURT: Probation will be denied. It will be the judgment and sentence of this Court that this man Scott Alan Noland shall be by the sheriff returned to the common jail of Jefferson County, and thence conveyed by said sheriff to the State Reformatory at Buena Vista for an indeterminate period not to exceed one year. Let the record show the file is being sealed."

Subsequent thereto, this matter was again considered by the trial court under Rule 35(b). Defense counsel argued that at no time was the defendant charged with feloniously selling or dispensing drugs; that none of the testimony or exhibits presented at the sentencing hearing made any reference to the defendant's selling or

giving away drugs. The trial court stated in response thereto that the court did not sentence the defendant with that basis in mind at all, and stated that:

"The court relied upon the probation report, and nothing else. And upon this man's plea of guilty to the charge the court sentenced him, and on no other basis did it base its sentencing. Motion will be denied, and he will be returned to the institution."

The pronouncement of sentence by the trial court makes reference to ... "apparently giving them (drugs) or selling them (drugs) to other young people" ... and ... "for the purpose of disposing them to damage other young boys." We are of the opinion that the trial court placed undue emphasis on these findings which are not supported by the record. This constitutes a denial of due process. Also, the trial court's arbitrary refusal to permit defense counsel to point out to the court the fact that matters not in evidence were being considered, compounds the denial of due process. This court is also of the opinion that the trial court's undue emphasis on sale and disposition did influence the sentence imposed.

We adhere to *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, wherein under facts not too dissimilar to the facts in the instant case, the United States Supreme Court stated:

"We are not at liberty to assume that items given such emphasis by the sentencing court did not influence the sentence which the prisoner is now serving."

In the *Townsend* case, defendant was without counsel, while in this case, defendant had counsel who was not permitted by the trial court to point out the disparity between the record and the pronouncements by the court.

The denial of due process resulting from the sentencing hearing was in no manner cured by the denial of relief under the Rule 35 (b) hearing.

This cause is remanded to the trial court with directions to vacate the sentence and to hold a new hearing for the purpose of resentencing.

M<small>R</small>. J<small>USTICE</small> D<small>AY</small> and M<small>R</small>. J<small>USTICE</small> K<small>ELLEY</small> not participating.