No. 25362

**The People of the State of Colorado v. Gary O. Quarles**
(512 P.2d 1240)

Decided August 7, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane,

Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from the denial of motion under Crim. P. 35(b) to set aside a plea of guilty and to vacate the sentence. We affirm the trial court's ruling. We will refer to appellant Quarles as the defendant or Quarles.

Defendant was charged by direct information with possession of narcotic drugs with intent to sell, (C.R.S. 1963, 48-5-20(1)(a) and (b)) and violating the common nuisance statute, C.R.S. 1963, 48-5-13. The defendant entered a plea of not guilty to both counts. The charge of possession with intent to sell narcotics was subsequently dropped and the defendant entered a plea of guilty to the nuisance charge. A presentencing hearing was held. At the presentencing hearing the judge referred to Quarles' involvement with drugs and expressed an opinion that a sentence to the state reformatory would be a suitable disposition. The defendant interrupted the judge at that point and volunteered statements which the court deemed warranted further inquiry concerning whether extensive sales of narcotics might be involved. The judge continued the presentencing hearing, further ordering that the probation officer investigate the disputed issue concerning sales.

At the subsequent hearing, the district attorney called the arresting officer to testify. The officer related that Quarles had admitted dispensing heroin, and that at the time of his arrest the defendant had six packets of heroin and $370 on his person. The defendant testified on his own behalf, denying that there were any sales. He explained that the $370 was the proceeds of savings bonds. The defendant did admit that at the time of his arrest he had been absent without leave from the Army for 30 days, and thus contradicted his own statement that he had never been in

trouble before. The defendant was denied probation and sentenced to a term at the State Penitentiary.

At the Rule 35(b) hearing the court denied defendant's motion, stating that defendant's testimony was a fabrication, that sentencing should be based on the possibility of rehabilitation and that one of the first steps to rehabilitation is an honest appraisal of the wrong and a willingness to accept a program to change the defendant's conduct.

The sole question presented on appeal is whether it is a denial of due process for a judge to consider the truthfulness of voluntary statements made by the defendant at a presentence hearing.

The information which a judge may consider in imposing sentence has received increased constitutional scrutiny. In *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), the United States Supreme Court held that it was a denial of due process for a judge to sentence a defendant on the basis of misinformation. More recently, in *Noland v. People,* 175 Colo. 6, 485 P.2d 112 (1971), we held that due process was denied where a trial judge based his sentence on information which the defendant did not have the opportunity to rebut. See also, *People v. Emig,* 177 Colo. 174, 493 P.2d 368 (1972). However, the requirements of a fair hearing set forth in *Noland* were fully met in this case. The defendant voluntarily placed the isse of previous sale and his absence from the Army before the court. A hearing was had and the defendant was given an opportunity, which he exercised, to rebut the evidence offered by the People. The judge only after the full hearing concluded that the defendant was not being completely truthful with the court. In light of this procedure, we cannot say due process was violated. This is a proper inquiry at the sentencing process, for candidness may be the first step towards rehabilitation. We will not disturb the finding of the trial judge where it is supported by such evidence. *Normand v. People,* 165 Colo. 509, 440 P.2d 282 (1968).

The defendant contends that the procedure in the trial court violated his Fifth Amendment right against

self-incrimination, because he was questioned regarding the sales of heroin. We see no merit to this contention, since the defendant has previously pled guilty to common nuisance and had volunatrily initiated the dialogue regarding previous sales and his lack of prior illegal conduct. There was, therefore, no coercion to admit the crimes, *Scott v. United States,* 419 F.2d 264 (D.C. Cir. 1969), and it cannot be argued that the defendant was penalized for not pleading guilty since he had already done so before the hearing. *Thomas v. United States,* 368 F.2d 941 (5th Cir. 1966).

The order of the trial court is affirmed.

MR. CHIEF JUSTICE PRINGLE and JUSTICE GROVES not participating.