**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Richard E. LOWERY, Defendant-Appellant.**

**No. 80SA301.**

Supreme Court of Colorado, En Banc.

March 22, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary Ricketson, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Harvey M. Palefsky, Deputy State Public Defender, Denver, for defendant-appellant.

LEE, Justice.

Defendant, Richard E. Lowery, appeals from the denial of a motion pursuant to Crim.P. 35(b),[1] to vacate a sentence entered against him for aggravated robbery, section 18–4–302, C.R.S.1973. We affirm.

The defendant was charged in the Denver district court with two counts of aggravated robbery and one count of second degree assault for acts which occurred on June 29, 1975. In another case pending in the Denver district court, No. 4358, the defendant was charged with attempt to commit murder, possession of a weapon by a previous offender, and menacing, which allegedly occurred on July 12, 1975. Also pending in the district court was Case No. 5106 in which the defendant was charged with committing the offenses of criminal attempt, first degree burglary, and two counts of first degree assault on June 30, 1975.

Pursuant to plea negotiations in the present case, the defendant pled guilty to one count of aggravated robbery, a class 3 felony. The defendant acknowledged that he had robbed Debra Pettes, who was working in a Denver restaurant, and that at the time of the robbery he was armed with a deadly weapon, with the intent to use the gun if resisted. The defendant admitted that he had fired a shot through the window of the restaurant before leaving the scene.

After the entry of the guilty plea in January of 1976, all other criminal charges against the defendant in this case and in the other cases then pending in the Denver district court were dismissed. Two presentence reports[2] indicated that the defendant had several arrests for drug and alcohol-related offenses, and two prior felony convictions, one in Colorado and one in Nebraska. Section 16–11–102, C.R.S.1973. The probation department recommended that probation be denied. After considering the presentence reports, the violent nature of the crime to which the defendant pled guilty, and the other charges which were dismissed at the time of the plea bargain, the court ordered that the defendant be imprisoned at the state penitentiary for a term of not less than 20 years and not more than 24 years. The court expressly considered the defendant's presentence confinement.[3]

\* \* \* \* \* \*

"(VI) That there has been significant change in the law subsequent to July 1, 1972, applied to applicant's conviction or sentence, requiring in the interests of justice retroactive application of the changed legal standard ..."

1. At the time of the filing of the motion, Crim.P. 35(b)(1) provided in pertinent part:

"(b) Postconviction Remedy.

"(1) Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, or that a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review. An application for postconviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:

"(I) That the conviction was obtained or sentence imposed in violation of the constitution or laws of the United States or the constitution or laws of this state;

2. There were two reports because the defendant had been sentenced on a misdemeanor assault charge the previous month and a report had also been prepared at that time.

3. At the time the crime was committed, the permissible sentencing range for aggravated robbery, a class 3 felony, was a minimum of five years and a maximum of 40 years. Section 18–1–105(1), C.R.S.1973. The sentence im-

In October of 1978, the defendant filed a Crim.P. 35(b) motion to vacate his sentence, alleging that it had been illegally entered against him. As a basis for his motion the defendant asserted that the court had improperly considered an illegally obtained 1969 Nebraska felony conviction. The defendant also argued that he was entitled to be re-sentenced pursuant to presumptive sentencing laws enacted by the General Assembly and made effective July 1, 1979. The motion was granted to the limited extent that the defendant's sentence was reduced to a minimum of 19 years and a maximum of 24 years in the state penitentiary.

The defendant appealed his sentence as modified. We consider his arguments in order.

## I.

The defendant asserts that the trial court erred in imposing the 19 to 24 year sentence since it may have considered the 1969 felony conviction in Nebraska in determining that the defendant was not eligible for probation.[4] He argues that the Nebraska conviction was invalid because the Nebraska court violated his constitutional rights.

## A.

### The Nebraska Conviction

The defendant, who was 22 years old at the time, appeared without counsel in the Nebraska proceeding and requested that he be allowed to enter a guilty plea to the felony offense of malicious destruction of property causing loss or damage in excess of $750. Although the court advised the defendant that counsel would be appointed at state expense if the defendant was unable to employ counsel, the defendant refused to accept counsel. When questioned about the crime, he indicated that he had been drinking that night and could not re-

member whether he had in fact committed the charged offense, but he persisted in his guilty plea. The information was read in open court to the defendant who acknowledged that he understood the charges and possible penalties and that the entry of his guilty plea was voluntary on his part. A factual basis for the charges was established by the sheriff.

The defendant now contends that the guilty plea was invalid because the trial judge did not adequately explain the elements of the charge nor the consequences of the guilty plea before he entered his plea. Therefore, he argues, the prior Nebraska conviction should not have been considered by the Denver trial judge when he refused to grant the defendant probation and when he sentenced him for the aggravated robbery conviction. *See United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *People v. Roybal,* Colo., 618 P.2d 1121 (1980); *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979).

Contrary to his contention, the record of the Nebraska court proceedings indicates that the defendant was fully aware of the nature of the charges and the consequences of a guilty plea and that he entered his plea of guilty intelligently and voluntarily, knowing of his right to a jury trial and to be represented by counsel. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979); *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972); *see also* Crim.P. 11(b).

Even assuming, arguendo, that the Nebraska proceeding was flawed, the Nebraska conviction presents no reversible error for the limited purposes of our review here. *See, Davis v. State,* 577 P.2d 690 (Alaska 1978). We review the validity of the conviction in Nebraska only in the context of its relevance to the sentencing for the Colorado conviction. There is no indication in

---

posed reflected one year of presentence confinement credit on the maximum term of the sentence according to the court's statement at the sentencing hearing.

4. We note that at the arraignment at which the guilty plea was entered, counsel for the defendant stated: "There is a factual basis, your Honor, and we would waive the right to make application for probation ..."

the record of the sentencing hearing in the present case that the trial court rested its denial of probation on the Nebraska conviction, or that it considered the Nebraska conviction in the sentence which was ordered. Indeed, the sentencing judge's remarks, strongly emphasizing the defendant's most recent criminal conduct, affirmatively reflect that the Nebraska conviction did not contribute to the severity of the defendant's sentence. Any error which may have tainted the Nebraska proceeding is harmless in the context of the sentence here contested. *See, People v. Davis, supra.*

### B.

### *The Colorado Sentence*

■ At the sentencing hearing the counsel for the defendant brought to the court's attention the defendant's prior felony convictions in Colorado for larceny and in Nebraska for malicious destruction of property. The judge did not mention the Nebraska conviction in handing down the sentence, but he made it clear that the armed robbery conviction and the other charges which had been filed in the district court, but which were dismissed upon entry of the plea to the aggravated robbery charge, indicated a pattern of aggravated and violent behavior which did not warrant a grant of probation for the defendant. Within the court's broad discretion to sentence one convicted of a crime, it is proper for the judge to consider aggravating or mitigating information, including other charges dismissed at the time of the plea, in order to best balance the competing sentencing goals of punishment, deterrence, rehabilitation, and protection of society. *United States v. Majors*, 490 F.2d 1321 (10th Cir. 1974), *cert.*

**5.** Among the other charges against the defendant, in Case No. 5106 he was accused of entering the home of Sidney and Helen Pelta under false pretenses, robbing Mr. Pelta and in an ensuing struggle, of stabbing and seriously injuring Mr. Pelta with the victim's own knife.

In case No. 4358, charges for attempted murder alleged that the defendant had approached one Charles Fowkes in a parking lot, had pointed a loaded gun at him, and had pulled the trigger. Fortuitously, the gun, although loaded, failed to fire and Fowkes was not injured.

*denied,* 420 U.S. 932, 95 S.Ct. 1136, 43 L.Ed.2d 405; *see also, Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, *reh. denied*, 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760, *reh. denied*, 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514 (1949); *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516, *reh. denied*, 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763 (1959); *People v. Lutz*, 183 Colo. 312, 516 P.2d 1132 (1973).

The presentence reports, considered by the court, indicated that the defendant was accused in separate criminal transactions of having committed several violent crimes and that these charges were dismissed at the time the plea of guilty was entered.[5]

■ Since sentencing is a matter within the sound discretion of the trial court, absent a clear abuse of that discretion, the sentencing decision will not be reversed on appeal. *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975). The sentence given the defendant was within the permissible range for a class 3 felony in effect at the time of the offense, and we find no abuse of discretion in the imposition of the sentence here. *See* Section 18–1–105(1), C.R.S.1973.

We note that after considering the defendant's Crim.P. 35(b) motion, the trial judge reduced the minimum sentence ordered by one year. We do not now require that it be further modified. *See* Section 16–11–306, C.R.S.1973; *People v. White*, Colo., 623 P.2d 868 (1981); *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971).

We find no reversible error in the sentence ordered by the trial court.

The foregoing cases were dismissed when the defendant pled guilty to one count only of aggravated robbery. Pelta and Fowkes appeared at the sentencing hearing to personally attest to the other crimes to the trial judge. The trial judge, in view of the aggravated character of the crimes charged as well as the conviction for aggravated robbery, deemed probation inappropriate.

**519**

## II.

The defendant argues that he should have been sentenced according to a presumptive sentencing law enacted by the General Assembly and made effective in 1979. The crime with which the defendant was charged and to which he pled guilty was committed in 1975.

The defendant asserts that the presumptive sentencing law should have become effective prior to the time of his sentencing, but that the governor improperly ordered a special legislative call session to consider and delay the effective date of the presumptive sentencing law. He also argues that the sentencing law impermissibly limits the judiciary in considering whether a re-sentence is warranted for the reasons set out in Crim.P. 35.

 We reject the defendant's contentions. These issues have previously been resolved by this court. *See, People v. McKenna*, 199 Colo. 452, 611 P.2d 574 (1980); *People v. Horne*, Colo., 619 P.2d 53 (1980).

Accordingly, the defendant's sentence, as modified by the district court, is affirmed.

QUINN, J., does not participate.