STATE v. PIERSON.

1. **Indictment:** LARCENY OF BANK CHECK: ALLEGATION OF VALUE. In an indictment for the larceny of a bank check, it is a sufficient allegation of its value to say that it was "of the value of $20.97," that being equivalent to saying that the instrument called for at least that amount of money. Code, § 3914.

2. ——: ——: DESCRIPTION OF PROPERTY. In such indictment the stolen property need not be described with any more particularity than any other stolen property; and it was sufficient in this case to describe the property as a check or order for the payment of money, stating by whom signed, where payable, date, owner and value.

*Appeal from Des Moines District Court.*

TUESDAY, SEPTEMBER 19.

THE defendant was indicted, tried and convicted upon a charge of stealing a bank check, and he appeals.

*T. B. Snyder* and *John Greiner*, for appellant.

*Smith McPherson, Attorney-general,* for the State.

ROTHROCK, J.—The charging part of the indictment is as follows: "That Ole Pierson on the 17th day of June, 1881, at Des Moines county and state aforesaid, a bill of exchange to-wit, an order for the payment of money, purporting to be signed by C. S. Bartlett, and payable at the Union National Bank at Chicago, Illinois, and of date of the 6th day of June, 1881, and of the property, goods and chattels" of one Nels Vorene, and of the value of $20 97–100, feloniously did take, steal and carry away, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Iowa." Upon the return of the verdict the defendant filed a motion in arrest of judgment, which was in these words:

"1. That no crime was charged against him in the indictment.

"2. That the indictment does not aver or charge that any money was due on the bill of exchange, bank check, or order for the payment of money claimed to have been the subject of the larceny, or secured thereby and remaining unsatisfied or unpaid.

"3. That the indictment does not charge that the bill of exchange, bank check or order for the payment of money charged to have been the subject of the larceny, was for the payment of any particular or definite sum of money.

"4. That the indictment does not charge any facts showing the bill of exchange, bank check, or order for the payment of money charged to have been stolen, to have been of any value whatever.

"5. That the indictment does not charge the bill of exchange, bank check, or order for the payment of money charged to have been the subject of the larceny, to have been payable to any person.

"6. That the indictment is vague, uncertain and insufficient."

The overruling of this motion is made the only ground of complaint upon this appeal. The stealing of bank notes, promissory notes, orders or certificates, is made larceny by section 3902 of the Code, and by section 3914 it is provided that the money due on any such instrument, or secured thereby, and remaining unsatisfied, shall be adjudged the value thereof, if stolen.

The allegation of the value of the check must therefore be equivalent to an allegation that the instrument called for at least that amount of money. But whether this be correct or not, we are clearly of the opinion that under our practice this indictment is sufficient. There is no requirement that in an indictment for the larceny of an instrument in writing, the property shall be any more particularly described than any other stolen property. We have in this indictment a charge that the defendant stole an order or bank check for the payment of money, naming its date, owner and place of

payment, and an allegation of its value. There is no more reason for requiring any more particular description of the stolen property than there would be to require that an indictment for the larceny of a horse should describe the animal by color, age and marks and brands. The motion in arrest of judgment was correctly overruled.

AFFIRMED.