## PEOPLE v. LOVEJOY.

(Supreme Court, Appellate Division, Third Department.    January 11, 1899.)

1. LARCENY—INDICTMENT—DESCRIPTION OF PROPERTY.

Under Pen. Code, § 528, making any property, evidence of debt, or any article of value, the subject of larceny, and section 275, Code Cr. Proc., requiring an indictment to contain a plain statement of the act constituting the crime, an indictment for larceny of a bank check, alleging its ownership, and describing it as a written instrument commonly called a "check" or "bill of exchange," which was wholly unsatisfied, and of a stated value, sufficiently describes the check.

2. SAME—EVIDENCE—BOOKS OF ACCOUNT.

In a prosecution for the larceny of funds coming into accused's possession in the course of employment which required him to keep a set of books, testimony of an expert accountant as to a shortage discovered by him on an examination of accused's books is inadmissible; the books themselves being the best evidence.

3. SAME—INTENT—EVIDENCE OF OTHER CRIMES.

In a prosecution for larceny, evidence that the act in question is one of a series of similar occurrences within reasonable limits as to date is admissible on the question of intent.

Appeal from Chemung county court.

E. Upton Lovejoy was convicted of grand larceny in the second degree, and he appeals.    Reversed.

The indictment contains six counts. The first is as follows: "The grand jury of the county of Chemung by this indictment accuse E. Upton Lovejoy of the crime of grand larceny in the second degree, committed as follows: "The said E. Upton Lovejoy on or about the 31st day of March, 1896, at the city of Elmira, in this county, with force and arms, one written instrument, commonly called and designated a 'check' or 'bill of exchange,' which said written instrument was in words and figures as follows, to wit:

"'Elmira, N. Y., Mar. 31, 1896, 189–.    No. 8,294.

"'Wm. C. Wey, Pres't. Z. R. Brockway, Gen'l Sup't.

"'W. H. Peters, Treasurer of the New York State Reformatory, at the Second National Bank: Pay to the order of C. W. Nold $39.57 (thirty-nine and 57/100 dollars).    No good unless countersigned by the general superintendent, state reformatory.                    Wm. C. Wey, President.

"'Z. R. Brockway, Gen'l Sup't.'

—The same being then and there wholly unsatisfied, and of the value of thirty-nine dollars and fifty-seven cents, of the goods, chattels, moneys, and personal property of William H. Peters, then and there being, feloniously did steal, take, and carry away, against the form of the statute in such case made and provided."

The second count is the same, except that it charges that the defendant was the bailee, servant, attorney, agent, clerk, and trustee of Peters, and as such had the custody and control of the check, which was further described as directing the payment of money, and that the defendant appropriated the same to his own use. The third and fourth counts are similar to the first and second, except that the ownership is alleged to be in William H. Peters, treasurer of the New York state reformatory, and the defendant is alleged to have been bailee, etc., of said Peters as treasurer. The fifth and sixth

counts are similar to the first and second, except that the ownership is alleged to be that of the state of New York, and the defendant alleged to have been bailee, etc., of the state.

The defendant interposed a demurrer, which was overruled.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Judson A. Gibson, for defendant.

Charles H. Knipp, Dist. Atty., for the People.

MERWIN, J.    It is claimed on the part of the defendant that the indictment is defective, that it does not contain a plain and concise statement of the acts constituting the crime, and that the facts set forth in the indictment do not state a crime.    The indictment must contain "a plain and concise statement of the act constituting the crime, without unnecessary repetition."    Code Cr. Proc. § 275.    An indictment is not insufficient by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.    Code Cr. Proc. § 285.    The crime charged against the defendant is defined by section 528 of the Penal Code.    Under that section the subject of larceny is "any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession."

It is argued that the check or bill of exchange that the defendant is charged with stealing or appropriating to his own use is not sufficiently described.    A copy of it is, however, set out, and it purports to be a completed instrument.    Its ownership and value are alleged. It is described as a check or bill of exchange directing the payment of money, and as wholly unsatisfied.    If the allegations are true, it was certainly an article of value.    It was "personal property," within the meaning of that term as used in Pen. Code, §§ 528, 545, 718, subd. 15.    Whether it was in fact a valid check, duly executed, and whether its ownership came from indorsement by C. W. Nold, or in some other way, were matters of proof.    The general rule is that an indictment for a statutory offense, as the statute defines it, is sufficient.    Phelps v. People, 72 N. Y. 334.    It has been held that a check is sufficiently described in an indictment as a paper purporting to be a check for a certain sum of money; alleging its value, and to whom it belongs.    State v. Pierson, 59 Iowa, 271, 13 N. W. 291.    See, also, 12 Enc. Pl. & Prac. 994, and cases cited.    The indictment is, I think, sufficient.

In November, 1894, the defendant was employed as a clerk or book-keeper at the New York State reformatory at Elmira by the super-intendent in charge thereof, and from August, 1895, to November, 1897, when he left, the moneys received at the institution passed through his hands.    His duties required him to keep the books and cash account, and he had charge of the bank deposits or checks.    On the 31st March, 1896, there was a man by the name of C. W. Nold in the employ of the institution, in its manufacturing department, upon a salary of $50 a month.    In March, Nold bought goods of the institution to the amount of $39.47, and the institution had rendered to him a bill for that amount.    On the 31st March, when the salary

of Nold became due, the institution, in part payment thereof, gave to Nold the check in question; and he thereupon indorsed and delivered it to the defendant, as cashier of the institution, in payment of the bill of goods.   The institution in the conduct of its business kept two separate cash accounts,—one of maintenance funds, and the other of manufacturing funds; drawing checks on each account according to the nature of the transaction.   If it paid a debt that it owed for manufacturing material, it paid it out of the manufacturing fund; and, if it owed a debt for maintenance supplies, it was paid out of the maintenance fund.   The accounts were kept in the Second National Bank in the name of the treasurer of the reformatory.   It was the duty of the defendant when he received this check to have deposited it in the bank to the credit of the proper account.   Instead of doing that, he indorsed it, and, as the evidence tended to show, appropriated it to his own use.   It was presented at the bank, and paid to other parties.   The check represented so much money belonging to the institution, and its negotiation and misappropriation deprived the institution of that amount.

In the course of the trial the prosecution called as a witness one Bush, an accountant, who testified that he made an examination of the books kept by the defendant, covering the entire period that the defendant was there in charge of the cash books.   He was then asked to state the result of that examination.   The objection was made on the part of the defendant that it was not the best way of proving it; that the books were the best evidence.   The objection was overruled, and the defendant excepted.   The witness answered that he found a deficiency of about $1,300.   We think that this exception was well taken.   The books were in possession of the institution, and the defendant was entitled to have them in evidence.   Brayton v. Sherman, 119 N. Y. 623, 23 N. E. 471.   It was competent for the prosecution to show, on the question of intent, that the act in question formed part of a series of similar occurrences within reasonable limits as to date. People v. Shulman, 80 N. Y. 373, note; Com. v. Tuckerman, 10 Gray, 173.   The best evidence, however, should be given.   We cannot say that the error in this respect was not prejudicial to the defendant, and therefore there should be a new trial.

Judgment reversed, and new trial ordered.   All concur.