STANTON MOTOR CORPORATION, Appellant, v. THOMAS E. ROSETTI, Individually and as Property Clerk of the Police Department of the City of New York, Defendant.

FLEETWOOD AUTO SALES, Respondent, v. THOMAS E. ROSETTI, Individually and as Property Clerk of the Police Department of the City of New York, Defendant.

Third Department, July 27, 1960.

*Henry Temes* for appellant.

*Newberg & Sakofsky* (*Benjamin Newberg* of counsel), for respondent.

Coon, J. The automobile which is the subject of this controversy was picked up by the New York City Police as an alleged stolen car and is in the hands of the defendant as Property Clerk of the Police Department as a mere stakeholder. The question in the case is whether Stanton Motor Corporation (herein called Stanton), or Fleetwood Auto Sales (herein called Fleetwood), has legal title to the automobile. The answer to that question in turn depends upon whether one Robert Owens, who sold the car to Fleetwood, had a void or merely a voidable title.

Stanton claims that the car was stolen from it, and none of the parties dispute the well-established rule that a thief cannot convey title to stolen goods. Fleetwood contends that at most the car was obtained from Stanton by trickery not amounting to common-law larceny, and that at most the title of its assignor was voidable and had not been voided at the time Fleetwood purchased the car. This situation developed from the following undisputed facts. Owl Auto Sales (herein called Owl), a firm dealing in automobiles, had in its employ one Brasca. Armed with a check, blank except for signature, but genuinely signed by Owl, Brasca purchased the car from Stanton for $2,650. He filled this amount in the check which Owl had given him, named Stanton as payee, and delivered the check to Stanton. Stanton thereupon executed and delivered to Brasca a Motor Vehicle Bureau form of certificate of sale, certifying the sale of the car to Owl. Owl also gave to Brasca a New York State Bureau of Motor Vehicles certificate of sale in blank, but genuinely executed by Owl. Three days after he obtained possession of the car, Brasca, purporting to act as agent of Owl, sold the car to Owens and filled in and delivered to him the certificate of sale which had been executed by Owl. About a week later Owens sold the car to Fleetwood for $2,100, which was paid by Fleetwood, and Owens delivered to Fleetwood an executed Motor Vehicle Bureau " Affidavit of Sale ". In the meantime the Owl check given to Stanton was returned by Owl's bank because of insufficient funds, and Stanton reported the car stolen.

It is claimed that Brasca had no authority to purchase any cars for Owl in excess of $150, and had no authority to sell any cars for Owl. Even assuming that to be true, it had no bearing upon this controversy, especially when Owl so freely clothed him with apparent authority.

Although for criminal purposes common-law larceny and obtaining property by false pretenses are now combined under section 1290 of the Penal Law, a distinction is still maintained

in determining whether a title is void or voidable. An essential element of common-law larceny is the taking of the property of another without his consent and against his will. (*Bassett* v. *Spofford,* 45 N. Y. 387.) Here Stanton clearly intended to sell to Owl and did sell to Owl through an agent, and thereupon title passed. (*Phelps* v. *McQuade,* 220 N. Y. 232.) There the court said (p. 234): "Where the vendor of personal property intends to sell his goods to the person with whom he deals, then title passes, even though he be deceived as to that person's identity or responsibility. Otherwise it does not. It is purely a question of the vendor's intention." (See, also, 3 Williston, Sales, § 625a, p. 409.)

We are not concerned here with Owl's responsibility to Stanton nor with Brasca's responsibility to Owl. We are concerned only with the title to the vehicle. Both Owens and Fleetwood must be considered innocent purchasers for value without knowledge of any defect of title even though it be voidable, and they thereupon acquired good title to the car. (Personal Property Law, § 105.)

Insofar as the cases of *Damis* v. *Barcia* (266 App. Div. 698) and *Amols* v. *Bernstein* (214 App. Div. 469) may be deemed to hold otherwise, we decline to follow them.

The court below correctly decided the case, and the judgment should be affirmed, with costs to respondent against appellant.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, with costs to respondent against appellant.