*119 SUMMARY ORDER
Appellants (“Grimberg”) seek review of February 11, 2008, 2008 WL 394808, judgment, opinion and order of the district court granting summary judgment in favor of appellee Zurich American Insurance Company (“Zurich”) on Grimberg’s claim for insurance coverage for the loss of a certain painting by Fernando Botero, titled Tablao Flamenco (the “Botero”). Zurich argues that the Botero was sold by Grimberg, and therefore, it was not “property” of the insured covered under the terms of the policy. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Grimberg argues his voluntary transfer of the Botero to art dealer Michael Cohen was voidable because it was procured through larceny by false promise. The transaction was as follows. Grimberg delivered the Botero to Cohen’s warehouse in September 2000, but Cohen never made payment of the agreed upon price of $785,000. Rather, Grimberg and Cohen agreed that Grimberg would forgive the $785,000 debt for the Botero and pay Cohen an additional $885,000, in exchange for two paintings by Marc Chagall, La Visite and Scene Biblique. Grimberg wired the additional funds to Cohen. Grimberg twice saw the Chagall paintings at Cohen’s apartment in New York, but was dissuaded from taking possession of those paintings by Cohen both times. In January 2001, Cohen disappeared. Cohen was later indicted for fraud related to, among other paintings, La Visite and Scene Bib-lique.
Grimberg first argues that the district court erred in concluding that he was barred by the doctrine of judicial estoppel from asserting that he did not sell the Botero. We agree, although this issue is not dispositive. In 2002, La Visite was seized by the government and Grimberg appeared in a proceeding to determine ownership of that painting. Grimberg asserted a claim to La Visite on the ground that he had purchased it from Cohen for a price that included forgiveness of the debt of $785,000 that Cohen owed to Grimberg for the Botero.
“The doctrine of judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding.” Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir.2004). A party wishing to invoke judicial estoppel must show that “(1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner.” Id. (quotation marks omitted).
Even assuming that Cohen’s former claim to La Visite is inconsistent, as a factual matter, with his current claim to the Botero, rather than simply an alternative legal theory, judicial estoppel does not apply. The court in the prior proceeding rejected Grimberg’s claim to La Visite. Nothing in the record indicates that Grim-berg’s position in that litigation was adopted by the court in any manner.
Second, Grimberg argues that although he had believed that he had sold the painting to Cohen, as a legal matter he retained title to the painting and the transfer was voidable due to Cohen’s fraud, deceit, and larceny by trick and false promise, under Sections 2-401 and 2-403 of New York’s Uniform Commercial Code. We agree with the district court that Grimberg’s argument is not supported by these provisions.
Under Section 2-401, title to property generally passes to the buyer of property *120 at the time of the physical delivery of the goods. N.Y. U.C.C. § 2-401(2). The Botero was delivered to Cohen in September 2000. Assuming that Section 2-403, which pertains to the rights of good faith purchasers for value, has any applicability here, its rule is only that a transfer may be voidable if “the delivery was procured through fraud punishable as larcenous under the criminal law.” See N.Y. U.C.C. § 2—403(1)(d); cf. Stanton Motor Corp. v. Rosetti, 11 A.D.2d 296, 203 N.Y.S.2d 273, 276 (App. Div.3d Dep’t 1960). While “[v]oid titles can be collaterally attacked; voidable titles can only be challenged in direct actions against the record titleholder to have his title declared invalid.” Reynolds v. Allstate Ins. Co., 629 F.2d 1111, 1115 (5th Cir.1980). Thus, even if Cohen’s title to the Botero is now voidable, Grimberg cannot have it declared invalid ab initio in this proceeding.
The district court was correct that the two New York Court of Appeals precedents relevant to this question are inappo-site. In the first, Underwood v. Globe Indemnity Co., bonds were taken from the insured’s messenger by a thief posing as a customer, who paid with a worthless piece of paper fraudulently given the appearance of a certified check. 245 N.Y. 111, 156 N.E. 632, 633 (1927). The Court held that the man who took the bonds “was no more a customer than he would have been if he had grabbed [the insured’s agent] by the throat and taken the bonds from his custody.” Id. at 634. Thus, “title never passed.” Id. This case was decided well before New York adopted the Uniform Commercial Code in 1964. Moreover, it is consistent with the contract law principle that a contract is void in a narrow category of cases, for example, the “surreptitious substitution of one paper for another.” Hetchkop v. Woodlawn at Grassmere, Inc., 116 F.3d 28, 32 (2d Cir.1997) (quotation marks omitted). This is not such a case. Cohen had long been a customer of Grim-berg’s at the time of the alleged larceny, and Cohen did not abscond with the Bote-ro through any conduct akin to use of a forged check.
In the second New York Court of Appeals case, Hanson v. National Surety Co., an intended purchaser of stock certificates took those certificates from the insured’s messenger with no intention of paying for them, and when the insured’s messenger returned later that afternoon to collect payment, the purchaser had abandoned its offices and fled with the securities. 257 N.Y. 216, 177 N.E. 425, 426 (1931). The Court of Appeals held that title did not pass because, inter alia, the “[t]he messenger delivered the certificates ... upon the condition, evidenced by a written receipt, that title ... should remain in the plaintiffs until payment should have been made therefor.” Id. Grimberg insisted on no such reservation of title with respect to the Botero. Thus, Hanson does not support Grimberg’s claim that title was not transferred at the time of delivery.
Finally, Grimberg argues that he retained an “insurable interest” in the Botero under Section 2-501 of the U.C.C. That Section provides that “[t]he seller retains an insurable interest in goods so long as title to or any security interest in the goods remains in him ...” N.Y. U.C.C. § 2-501(2). “The seller’s insurable interest in goods usually ends with their delivery to the buyer, for risk of loss passes to the buyer no later than the time of delivery.” In re Crysen/Montenay Energy Co., 902 F.2d 1098 (2d Cir.1990) (quotation marks omitted). Even assuming that Grimberg retained some right to challenge Cohen’s title to the Botero as voidable, Grimberg cannot demonstrate that the interest is one that falls within the policy’s *121 definition of “property insured.”[1]
Accordingly, the judgment of the district court hereby is AFFIRMED.

. The policy insures “antiques and object of art of every nature and description usual to the conduct of the Insured's business, being the property of the Insured; or held by them in trust; or on memorandum; or on consignment; or sold but not delivered; or owned on joint account with others; or belonging to others and for which the Insured may be liable; or for which the Insured has assumed liability prior to loss.”